(No. 46078.—

(No. 46252.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RICHARD KRANTZ, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN BARR, Appellant.

*Opinion filed September 27, 1974.*

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur (James B. Zagel, Assistant Attorney General, and Patrick M. Walsh, Assistant State's Attorney, of counsel), for the People.

John F. McNichols, Deputy Defender, of Springfield

(John L. Swartz, Assistant Defender, of counsel), for appellee.

Paul Bradley, First Deputy Appellate Defender, of Chicago (Kenneth L. Jones and Lynn Sara Frackman, Assistant Appellate Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and William F. Linkul, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Two indictments returned in the circuit court of Macon County charged Richard Krantz, the defendant under No. 46078, with the offense of forgery (Ill. Rev. Stat. 1971, ch. 38, par. 17—3). On September 18, 1972, through his attorney, Krantz withdrew pleas of not guilty he had entered and offered what were negotiated pleas of guilty to both indictments.

Before accepting the pleas the court advised Krantz that he had the right to plead not guilty and that by pleading guilty he would waive his right to trial by jury and the right to be confronted with witnesses against him. The court explained the minimum and maximum sentences that could be imposed for the offenses and questioned the defendant to insure his pleas were being freely made.

The report of proceedings at the time the pleas of guilty were taken includes this questioning of the defendant by the court:

"Mr. Krantz, do you understand what you're charged

with in these indictments, forgery?"

Defendant: "Yes."

The record also shows that the assistant State's Attorney, in the presence of the defendant and his counsel, then made the following statement:

"[O] ur evidence would show at trial is that on or about sometime just prior to the 18th day of July, the State Bank of Blue Mound advised deputy Loren Wellwood, a deputy sheriff, of certain checks which bore the signature of his wife were returned by the bank. Deputy Wellwood and the bank then went over the cancelled checks and Deputy Wellwood found that there were a series of checks missing from his check book numbered 426 to 450 and specifically among those were numbers 428 and 430, the check numbers as set forth in respective indictments. A check of the cancelled checks showed that they were payable to the order of this defendant and signed purportedly by Norma Wellwood. The signature of Norma Wellwood did not match the signature card of the bank and Mrs. Wellwood stated she did not sign the checks nor did she give anyone authorization to sign her name.

Further investigation disclosed with respect to check number 428 that this check was in fact cashed at a gas station and that the proprietor, Mr. Colvester, remembered that it was Mr. Krantz who had in fact cashed the check.

Mr. Krantz was advised of his rights after he was arrested and he made a statement to police officers in the presence of Officer Glick that he had taken these checks and made them out, signed the name of Mrs. Wellwood and cashed them."

The defendant did not question any part of the prosecutor's recital and added that the reason he had forged the signatures on the checks was to "get revenge" against Deputy Wellwood for "going with my mother."

The court accepted the defendant's plea of guilty in each case and sentenced him to serve concurrent terms in the penitentiary of not less than two nor more than seven years.

On the defendant's appeal the appellate court reversed the conviction (*People v. Krantz* (4th Dist. 1973), 12 Ill.

App. 3d 38) and we granted the People's petition for leave to appeal.

On April 12, 1971, John Barr, the defendant under No. 46252, pleaded guilty to burglary (Ill. Rev. Stat. 1971, ch. 38, par. 19) in the circuit court of Cook County. His attorney, in his presence, informed the court that he had advised the defendant of his right to a trial by jury and his right to confront witnesses but the defendant stated he wished to plead guilty and waive those rights. The court then warned the defendant that it was under no obligation to follow any recommendations resulting from plea negotiations.

The assistant State's Attorney dismissed three burglary charges which were pending against Barr and recommended that he be sentenced to not less than three nor more than five years in the penitentiary on the charge of burglary to which he had pleaded guilty. The trial court imposed the recommended sentence. Barr did not appeal from this conviction, but, on January 10, 1973, he filed a post-conviction petition alleging, *inter alia,* a denial of constitutional rights through the trial court's not advising him of the maximum sentence he could receive prior to accepting his plea of guilty. The trial court's dismissal of the petition was affirmed by the appellate court (*People v. Barr* (5th Dist. 1973), 14 Ill. App. 3d 742) and we granted leave to appeal. We consolidated the appeal of Barr and that of the People in *People v. Krantz.*

The only question appearing in the State's appeal in *Krantz* is whether the trial court adequately informed Krantz and insured his understanding of the nature of the charge pending against him before accepting his plea of guilty.

Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) provides in part:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
> (a) Admonitions to Defendant. The court shall not

accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
(1) the nature of the charge; ***."

We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza,* 48 Ill.2d 371, 373-374.) Also, the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. *People v. Doyle,* 20 Ill.2d 163, 167; *People v. Harden,* 38 Ill.2d 559, 563, *aff'g People v. Harden,* 78 Ill. App. 2d 431, 444-445.

In *McCarthy v. United States,* 394 U.S. 459, which the defendant has cited, it was said that Rule 11 of the Federal Rules of Criminal Procedure requires a trial judge, before a plea of guilty is accepted, to make a personal inquiry of the defendant to determine if he understands the nature of the charge against him, and also to determine if the defendant's conduct presents a factual basis for the offered plea of guilty. The Supreme Court made it clear that its decision was based on its construction of Rule 11 and its exercise of supervisory authority over Federal courts. It did not reach any of the constitutional arguments the petitioner offered. In *People v. Mims,* 42 Ill.2d 441, 444, we commented on *McCarthy,* stating: "***[McCarthy]* emphasizes the importance of personal inquiries addressed to the defendant to ascertain directly his understanding of the nature of the charge against him. And although that decision was 'based solely' upon the Supreme Court's construction of Rule 11 *** the underlying reasons apply equally to Rule 401 [now Rule 402] of this court." In *Mims,* the indictment charged the defendant with murder and with involuntary manslaughter. When the defendant moved to withdraw his plea of not guilty and plead guilty to the charge of murder, one of his attorneys described the advice that he had given the defendant as to the possible consequences of that plea, and said that after

receiving the advice the defendant had stated that he wished to plead guilty. The judge advised the defendant that his plea of guilty would waive his right to a jury trial and informed him of the possible penalties that could be imposed. The judge then asked the defendant if he was persisting in his plea of guilty and the defendant responded "Yes." Though no formal inquiry had been made of the defendant as to whether he understood the nature of the charge, this court affirmed the conviction. It was said: "The recital of the anticipated testimony of the witnesses for the prosecution in the presence of the defendant and his attorneys without protest and indeed with acquiescence, demonstrates to our satisfaction that the defendant's conduct falls within the charge to which he pleaded guilty ***." (*People v. Mims*, 42 Ill.2d 441, 444.) What we said in *Mims* is applicable here.

The recital by the assistant State's Attorney of the anticipated prosecutive evidence made clear what criminal conduct of Krantz the People expected to prove. Neither the defendant nor his attorney demurred to the prosecutor's statement. The court asked the defendant if he understood what he was "charged with in these indictments, forgery." He responded that he did understand and then went on to explain his motive for forging the checks. "[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule." (*People v. Doyle,* 20 Ill.2d 163, 167; see also *People v. Caldwell,* 55 Ill.2d 152, 156.) We judge that a review of the record shows that the trial court satisfied the requirements of Rule 402 in informing the accused of and determining that he understood the nature of the charge against him.

The judgment of the appellate court as to Richard Krantz, defendant in No. 46078, accordingly will be reversed.

Turning to the appeal of John Barr in No. 46252, the record shows that the trial court did not advise him as to the sentence that could be imposed before accepting his plea of guilty. Rule 402 in part states:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

***

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences."

We hold that under the circumstances the trial court did not err in not addressing Barr and advising him of the possible penalty which could be imposed upon his pleading guilty.

Understandably no claim is made that the defendant, represented by counsel, was unaware of the possible punishment to which his conduct had exposed him. His plea of guilty was the product of negotiating or plea bargaining. He had discussions with the prosecutor, the very purpose of which was to escape the maximum penalty the People could seek. The defendant's negotiating obviously was with knowledge of the possible punishment he was trying to avoid. There is no complaint that the prosecutor or the trial court did not carry out what had been agreed upon. The assistant State's Attorney dismissed three burglary charges which were pending against the defendant, and the trial court imposed the sentence which had been recommended to the court.

No complaint of any defect in the trial court's admonition was made by the defendant until almost two years later when he filed the post-conviction petition. And neither then nor now does he allege any prejudice because of the omission. Rule 402 was designed to insure properly

entered pleas of guilty, not to provide for merely an incantation or ceremonial. We have no doubt the defendant understood what punishment, apart from what he negotiated for with the prosecutor, he could have received.

It is appropriate to comment that there will have been adequate "substantial compliance" with Rule 402 if an accused prior to the acceptance of his plea of guilty is advised by the court of the sentence to jail or imprisonment that might at that time be imposed if his plea is accepted.

We make this comment because the question has arisen (*e.g.*, see *People v. Harl*, 11 Ill. App. 3d 372) whether substantial compliance with Rule 402(a)(2) requires also that an accused be admonished as to certain provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001–1–1 *et seq.*), which became effective January 1, 1973. For example, since any disposition under the Code is a "sentence" (par. 1005–1–19), must a defendant be informed by the court concerning the possible dispositions by way of periodic imprisonment, probation, conditional discharges in cases of juvenile offenders and fines (par. 1005–5–3)? And must he be informed of the provision for mandatory parole in case of an indeterminate sentence for a felony (par. 1005–8–1(e))? As we have just noted, we do not consider that substantial compliance with Rule 402(a)(2) requires such admonitions. The Code was enacted subsequent to Rule 402. The rule was designed to satisfy the requirements of *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and to give visibility to plea agreements. Committee Comments, 50 Ill.2d R. 402.

For the reasons given, we reverse the judgment of the appellate court in No. 46078, and in No. 46252 we affirm the judgment of the appellate court.

> 46078 — *Appellate court reversed;*
> *circuit court affirmed.*
> 46252 — *Judgment affirmed.*