THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM EUGENE PALMER, Defendant-Appellant.

(No. 12374;

Fourth District—November 6, 1974.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Patrick M. Walsh, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CLYDESDALE delivered the opinion of the court:

The defendant, William Eugene Palmer, was indicted by the Macon County grand jury on February 8, 1973, in a two-count indictment charging him in Count I with armed robbery and in Count II with robbery.

Mr. Palmer allegedly took a billfold containing $9 from Virginia Bethards on December 9, 1972, while armed with a claw hammer. On arraignment defendant pleaded not guilty to both counts.

On May 17, 1973, Palmer appeared before the court and offered to change his plea of not guilty to the robbery charge in return for a dismissal of the armed robbery charge and an agreed-upon sentence.

The State informed the court that the agreement was that defendant would plead guilty to Count II of the indictment (the robbery count) in return for the State's dismissal of Count I of the indictment (the armed robbery count). If the presentence report recommended probation or conditional discharge, the People would concur in this. If it recommended denial, the People would concur in that. If the court refused to grant probation or conditional discharge, the State would recommend a term in the penitentiary of 2 to 6 years. Defense counsel made no contention that the agreement had been otherwise than stated. The court indicated that it tentatively concurred in the proposed disposition.

At the sentencing hearing held on June 4, 1973, the court adopted the recommendation set forth in the presentence report and denied probation. The court then, pursuant to the plea negotiations, sentenced the defendant to the Department of Corrections for a minimum term of 2 years and a maximum term of 6 years, *plus 3 years parole*. On motion of the State, Count I of the indictment was *nolle prosequi* and stricken.

Defendant appeals from that judgment and sentence and alleges as error that he was not adequately admonished as to the maximum sentence provided by law for robbery, nor was he adequately admonished as to the minimum sentence provided by law for robbery, as required by Supreme Court Rule 402.

Supreme Court Rule 402 reads in part, as follows:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \*

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences."

Since the defendant has not alleged any other errors under Rule 402, we need only concern ourselves with the question of whether or not the trial court substantially complied with Supreme Court Rule 402(a)(2) in accepting the defendant's plea of guilty. What constitutes substantial compliance must be determined by an examination of the facts and circumstances as set out in the entire record. At the hearing on May 17, 1973, the court advised the defendant as follows:

> "* * * There are a number of ways that cases can now be disposed of. You could be sentenced to probation. You could be admitted to full probation, you could be admitted to a partial sort of probation where you spend some time in jail, some time outside, you could as the worst possible option, be sentenced to the penitentiary * * *."

Further, in the proceeding on May 17, 1973, the court explained the penalty for robbery in the following terms:

> "The Court: One to twenty. Now, Mr. Palmer, robbery is classified under our law now as a Class 2 felony. Felonies are racked up now by classes depending on their seriousness. Class 2 stands third from the top. Murder is number one, Class 1 next, and then comes Class 2, and all Class 2 felonies carry a minimum of one and a maximum of twenty. This is the indeterminate sentence. Now the Court can give you any sentence within those limits. If I were called upon to sentence you I couldn't give you less than one, I couldn't give you more than twenty, but I could give you any combination of years in between, and good sentencing requires that the maximum be three times the minimum, or just taking a for instance, it could be one to three, it could be six to eighteen, it could be three to nine, any combination of years. We have already come to a tentative agreement of two to six, but the point specifically is that the statute sets some outside limits on the Court, not less than one, not more than twenty, but the Court has the elbow room to fix anything in between that the Court thinks is appropriate. Do you believe you understand what the maximum and minimum punishments could be in a situation like this?"

The defendant answered in the affirmative and his attorney acknowledged that he believed the defendant understood the nature of the charge and the maximum and minimum punishment.

Defendant's first contention is that the court erred in failing to inform him of the maximum sentence prescribed by law since it did not inform him of the provisions for mandatory parole under the Illinois Unified Code of Corrections. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(e).) He next contends that under Rule 402 he was not adequately ad-

monished as to the minimum sentence provided by law for the crime of robbery in that he was not informed of probation, conditional discharge or periodic imprisonment, all authorized dispositions under section 5—5—3 of the Unified Code.

■■■ Defendant's arguments are without merit and are controlled by a recent decision of the Supreme Court of Illinois in *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559. The court specifically held that there is substantial compliance with Rule 402 if an accused prior to the acceptance of his plea of guilty is advised by the court of the sentence to jail or imprisonment that might at that time be imposed if his plea is accepted.

The court then went on to further clarify Rule 402 in the following language:

> "We make this comment because the question has arisen (*e.g.*, see *People v. Harl*, 11 Ill.App.3d 372) whether substantial compliance with Rule 402(a)(2) requires also that an accused be admonished as to certain provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*), which became effective January 1, 1973. For example, since any disposition under the Code is a 'sentence' (par. 1005—1—19), must a defendant be informed by the court concerning the possible dispositions by way of periodic imprisonment, probation, conditional discharges in cases of juvenile offenders and fines (par. 1005—5—3)? And must he be informed of the provision for mandatory parole in case of an indeterminate sentence for a felony (par. 1005—8—1(e))? As we have just noted, we do not consider that substantial compliance with Rule 402(a)(2) requires such admonitions. The Code was enacted subsequent to Rule 402. The rule was designed to satisfy the requirements of *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, and to give visibility to plea agreements. Committee Comments, 50 Ill.2d R. 402." 58 Ill.2d 187, 195.

The *Krantz* case is clearly dispositive of the issues raised on this appeal. We therefore affirm the judgment of the trial court.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.