THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM C. ROBINSON, Defendant-Appellant.

(No. 12393;

Fourth District—November 14, 1974.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, William C. Robinson, appeals from his conviction pursuant to a guilty plea of the offense of theft over $150 in violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1) and from a sentence imposed of 1 to 5 years' imprisonment.

Defendant raises the following issues for resolution by this court:

(1) Whether defendant understood the nature of the charge.

(2) Whether there was a sufficient factual basis for the plea.

(3) Whether defendant was properly admonished of the maximum sentence prescribed by law.

(4) Whether defendant was properly admonished of the minimum sentence prescribed by law.

(5) Whether defendant was denied equal protection of the law because he was not afforded the protection of a juvenile.

On December 5, 1972, defendant was charged by information with the offenses of burglary and theft over $150. On January 4, 1973, defendant

was indicted for the burglary. No action was taken by the grand jury on the theft charge. On March 16, 1973, defendant stated that he wished to plead guilty to theft over $150 pursuant to plea negotiations with the State. Defendant then waived his right to a grand jury indictment, but in the process of explaining to defendant his right to such an indictment the court stated:

"* * * This theft over is connected with the offense already charged of burglary, in that it says instead you committed burglary of the Ambassador Inn, in the theft over, reading, Count II, as on file, it says that you—reading—knowingly exerted unauthorized control over one General Electric colored [sic] television set, serial number so and so, belonging to the Ambassador Motor Inn of Decatur, setting forth the address of the Ambassador at 141 South Main Street, with the intent to deprive said owner permanently of the use and benefit of said property, the value of said property exceeding $150.00 in value * * *."

The court later stated in regard to the nature of the charge:

"The Court: * * * and we have to be sure you understand what you're charged with. In a nutshell you're charged with stealing a colored [sic] television from the Ambassador Motor Inn. Do you understand that?

Defendant Robinson: Yes.

The Court: Any questions in that we have gone over this several times—do you understand what you're charged with?

Defendant: Yes.

The Court: And you are also charged that that television was worth more than $150.00 in value. Do you understand that?

Defendant: Yes."

The court then stated in regard to sentencing:

"The Court: And then we have to point out what the sentence could be and we told you that a while ago when we talked about grand jury waiver. If you're convicted of this, you could get a sentence of one to ten years, with one year the least and ten years the longest. You understand that?

Defendant Robinson: Yes, sir."

The State then advised the court that two police officers would testify that in the process of a stakeout they saw defendant enter the motel in question and, shortly thereafter, come running back outside. It was also stated that three other witnesses, employees of the motel, would identify the defendant as being at the scene of the incident. It was further stated that additional evidence would be presented that defendant was going to break in and pick up a color television set which had been taken earlier

by a co-defendant from a room in the motel and placed in the basement. The defendant's counsel supplemented the State's presentation by stating that the evidence would show that defendant was not involved with the events earlier in the day when the set was taken from the room and placed in the basement, and that defendant's only involvement was returning later in the evening to pick up the set. The court then entered judgment on the plea. On March 22, 1973, defendant was sentenced to 1 to 5 years in the penitentiary.

■■ The defendant first contends that the court did not properly admonish defendant of the nature of the charge as required by Supreme Court Rule 402(a)(1). We find no merit to this contention. In relating to defendant his right to a grand jury indictment the court read to defendant the information charging the offense of theft over $150 and containing the elements of the offense, *i.e.*, knowingly exerting unauthorized control over the property of another and intending to deprive the owner permanently of its use and benefit. It was then explained to defendant that "You're charged with stealing a colored [*sic*] television set from the Ambassador Motor Inn." Defendant replied that he understood this. The record also shows that the assistant State's Attorney in the presence of defendant and his counsel gave a recitation stating defendant's criminal conduct and detailed the evidence that would be presented should the case proceed to trial. We note that defendant did not object to any part of the prosecutor's recital. The entire record indicates that defendant did, in fact, understand the nature of the charge and that the trial judge went beyond what is now required to sufficiently admonish a defendant in that regard. See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

■■ Defendant next contends that the court did not sufficiently establish a factual basis for the plea in violation of Supreme Court Rule 402(c). We, likewise, find no merit to this contention. The State related to the court that two police officers would testify that they saw defendant enter the motel and come running back outside, that three employees of the motel would identify defendant, and that additional evidence would show that defendant was going to break in and pick up a television set that had earlier been taken by a co-defendant from a room and placed in the basement. Defendant's counsel stated that defendant was only involved in the later attempt to break in and pick up the set. The requisite mental state necessary to prove the offense is clearly inferable from the facts stated, and the factual basis for the plea was sufficiently established.

■■ Defendant next contends he was not informed of the maximum sentence prescribed by law under Supreme Court Rule 402(a)(2) in that he was not informed prior to acceptance of his plea of the existence of

the mandatory parole term written into every indeterminate sentence under section 5—8—1(e)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(2)). We find our decision in *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, to be dispositive of this issue. In *Wills* we held that failure to admonish in regard to the mandatory parole term was not error. Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

Defendant also contends that he was not informed by the trial judge prior to the acceptance of his guilty plea of the minimum sentence prescribed by law under 402(a)(2) because he was not informed of the sentencing alternatives under the Unified Code. We find our decisions in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, to be dispositive of this issue. In *Butchek* we held that a trial judge need not inform a defendant of periodic imprisonment to fully comply with Supreme Court Rule 402(a)(2). In *Wills* we held that the rationale of *Butchek* was equally applicable to probation and conditional discharge, and that a trial judge also need not inform a defendant of these sentencing alternatives to fully comply with the Rule. Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

■■ Defendant finally contends that this defendant, 17 years of age at the time of the offense, was denied equal protection of the law because he was not afforded the same protections under the Juvenile Court Act as would be afforded a 17-year-old female defendant. The recent Supreme Court decision in *People v. Ellis*, 57 Ill.2d 127, 311 N.E.2d 98, is dispositive in this regard, and defendant was not deprived of equal protection in such circumstances.

Accordingly, for the reasons stated above the judgment of the circuit court of Macon County is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.