THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT BADGLEY, Defendant-Appellant.

(No. 12682;

Fourth District—November 21, 1974.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Michael Prall, of Statewide Appellate Assistance Service, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Robert Badgley, appeals from a judgment entered pursuant to a guilty plea for the offense of possession of a controlled substance and from a sentence imposed of 1 to 3 years. The sole issue raised on this appeal is whether the trial court erred in accepting defendant's guilty

plea without fully explaining to him the minimum sentence prescribed by law in violation of Supreme Court Rule 402(a)(2). Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2).

Prior to accepting defendant's guilty plea the trial judge stated to defendant:

"The Court: * * * You're charged with a crime that is classified as a Class Three felony. A Class Three felony is a crime that is punishable by imprisonment in the penitentiary. Imprisonment in the penitentiary is for an indeterminate term. By indeterminate is meant that no definite period is fixed but rather the Court fixes a minimum amount of confinement, the least amount of time you could spend, and a maximum period of confinement, the greatest or most amount of time you could spend. The law provides that the indeterminate term for the crime with which you're charged, or the crime of a Class Three felony, is one to ten years. This means that the minimum fixed by the Court could be no less than one year and it could be as many as ten years. This means that the maximum time fixed by the Court could be no less than one year and one day but could be for as long as ten years. Do you understand that?

Mr. Badgley: Yes sir.

* * *

The Court: In addition, the Court could in its discretion fine you an amount up to Ten Thousand Dollars. Do you understand that?

Mr. Badgley: Yes, sir.

The Court: In addition * * * there is a specified period of * * * parole. In the event that you're sentenced to the penitentiary, on your release from the penitentiary, you would be under an order of parole or the rules of parole. That parole period is fixed by statute as three years. Do you understand that?

Mr. Badgley: Yes, sir.

The Court: Do you understand * * * you would be subject to that penalties?

Mr. Badgley: Yes, sir, I do."

■■■ Defendant contends that the court erred in failing to explain to defendant the complete minimum sentence prescribed by law under Rule 402(a)(2), *i.e.*, probation, conditional discharge, and periodic imprisonment. We do not agree and find our decisions in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, to be dispositive. In *Butchek* we held that a trial judge need not inform a defendant of the possibility of periodic imprisonment

to fully comply with Rule 402(a)(2). In *Wills* we held that under the rationale of *Butchek* a defendant likewise need not be informed of the possibility of probation and conditional discharge. (Also see *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559.) Our reading of the record here indicates that the trial judge fully complied with Rule 402(a)(2) in explaining to defendant the minimum sentence prescribed by law.

Accordingly, for the reasons stated above the judgment of the circuit court of Adams County is hereby affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.