THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRYAN PELHAM *et al.,* Defendants-Appellants.

(No. 12544; ▮▮▮▮▮)

Fourth District—November 21, 1974.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellants.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert J. Steigmann, Assistant State's Attorney, and J. A. Schauer, Junior Law Student, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendants, Bryan Pelham and Thomas Foster, appeal from judgments entered pursuant to guilty pleas for the offense of battery and from sentences imposed of 6 months' periodic imprisonment. Defendants raise two issues for resolution by this court: (1) Whether the trial court erred in accepting defendants' guilty pleas without fully informing them of the minimum sentence prescribed by law, and (2) Whether the trial court erred in explaining to defendants the nature of the charge.

Prior to accepting the guilty pleas the trial judge stated to defendants:

"The Court: Do you gentlemen also understand that the offense of battery as classified under Illinois law is a Class "A" misdemeanor and that the Court upon a conviction can impose against you or either of you that might be convicted imprisonment in a place of incarceration other than the penitentiary for up to one year and for a fine not to exceed $1,000; do you understand that? Do you understand that, Mr. Pelham?

Mr. Pelham: Yes, sir.

The Court: And do you, Mr. Foster?

Mr. Foster: Yes, sir."

■■ It is contended that the trial court erred in accepting defendants' pleas without fully explaining to them the minimum sentence prescribed by law, i.e., the possibility of periodic imprisonment, probation, and conditional discharge, as required by Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2)). We do not agree and find our decisions in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, to be dispositive. In *Butchek* we held that a trial judge need not inform a defendant of the possibility of periodic imprisonment to fully comply with Rule 402(a)(2). In *Wills* we held that the rationale of *Butchek* was equally applicable to probation and conditional discharge, and that a trial judge need not inform a defendant of these sentencing alternatives to fully comply with Rule 402(a)(2). Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559. In the instant case our reading of the record indicates that the trial judge fully complied with Rule 402(a)(2) in explaining to defendants the minimum sentence prescribed by law.

■■ Prior to accepting defendants' guilty pleas the trial judge also read to defendants the indictment charging them with battery. The defendants then indicated that they understood the nature of the charge. A few minutes later the assistant State's Attorney presented a factual basis for the plea. The defendants did not object to this presentation. It is contended that because the trial judge did not specifically refer to or explain the relevant statutory provision prescribing the conduct in question, he

did not adequately inform defendants of the nature of the charge as required by Supreme Court Rule 402(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)). We do not agree. We find such a reference to be unnecessary in the context of the present case and hold that the trial judge adequately satisfied the requirements of Rule 402(a)(1). The trial judge here read to defendants the indictment, and defendants stated that they understood the nature of the charge. Furthermore, the State presented a factual basis for the plea, and defendants did not object to this presentation. See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

Accordingly, for the reasons stated above the judgment of the circuit court of Champaign County is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.