The People of the State of Illinois, Plaintiff-Appellee, *v.* Charles L. Neely, Defendant-Appellant.

(No. 12673;

Fourth District—November 27, 1974.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (John W. Foltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Charles Neely, appeals from convictions entered pursuant to a guilty plea for two counts of theft under $150 and from a sentence imposed of 364 days' imprisonment. Defendant contends before this court that the court erred in accepting his guilty plea because he did not understand either the plea agreement or the nature of the charges against him.

On March 4, 1974, defendant was indicted for five counts of "theft as a subsequent offense" arising from separate incidents occurring on February 7, 1974. On March 6, 1974, defendant appeared with counsel for

purposes of arraignment. The trial court presented defendant with a copy of the indictment, and the record indicates that defendant read said indictment. Defendant pleaded not guilty to all counts of the indictment. Pursuant to subsequent plea negotiations, the State agreed to amend counts one and two to theft under $150 and dismiss the other counts in exchange for defendant's guilty plea and a recommended 364-day period of incarceration. On May 1, 1974, defendant appeared in court for a change of plea. The State's Attorney proceeded to state the terms of the plea agreement. The court then stated:

"Court: Mr. Neely, do you undrstand the terms of the agreement?

Mr. Neely: Yes sir.

Court. What do you understand the terms of the agreement to be?

Mr. Neely: I understand I won't get more than one year. That is about all I understand.

Court: You understand you will get one year. You will get 364 days in jail?

Mr. Neely: Yes sir.

Court: Do you understand that, Mr. Neely?

Mr. Neely: Yes sir.

Court: Do you understand you would plead guilty to Counts I and II of the indictment?

Mr. Neely: Yes sir.

Court: Do you understand that the other counts of the indictment would be dismissed?

Mr. Neely: Yes sir."

Defendant then acknowledged that he desired to enter into the plea agreement, stated that he was completely satisfied with the negotiated plea, and stated that he was not forced or threatened in any fashion. The State's Attorney then presented a factual basis for the plea. Defendant then offered a rather confused explanation of how his fraudulent scheme was perpetrated:

"Mr. Neely: As near as I can understand it I was suppose to give $10.00, get change for $10.00, then get the $10.00 back and add $10.00 of mine and $10.00 of theirs for $20.00.

\* \* \*

Court: Now, what happens next? So far as your getting that $10.00 from that clerk?

Mr. Neely: Ask for it back. When she gives it back, I got $10.00. and then I give her that $10.00 and take $10.00 back for $20.00.

Mr. Thompson: I think he tells the clerk before he asked for the $10.00, before he asks for the change, that the clerk has made

a mistake, that he gave the clerk a $1.00 bill instead of a $10.00 bill. Is that correct?

Mr. Neely: No sir. I don't say she made any mistake, I thought maybe I did, gave her a one and got ten back. She has done given me change for $10.00, she gives me $10.00 back and if I give her $10.00 of mine and $10.00 of hers for a twenty, I make ten."

Both defendant and his counsel then concurred in the factual basis presented by the State. Defendant also stated that he committed the acts alleged in counts one and two of the indictment. The court then read to defendant the applicable counts of the indictment and the applicable section of the criminal code prescribing the offense in question. The court then entered judgments on defendant's plea and sentenced defendant to a concurrent term of imprisonment of 364 days on each count.

■■ Defendant first contends that he did not understand the plea agreement. Our examination of the entire record indicates that this contention is clearly lacking in merit. The terms of the plea agreement were read in open court. Defendant stated to the court that he understood that he would not get more than 1 year, that he was pleading guilty to counts one and two as amended, and that the other counts were to be dismissed. Defendant then stated that he desired to enter into the plea agreement and that he was completely satisfied with the terms of the agreement. There is no claim here that the agreement was coerced or was involuntary or was not honored in some fashion.

■■ Defendant next contends that the court erred in accepting the plea under Supreme Court Rule 402 (a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)) because he did not understand the nature of the charges. We do not agree. Although defendant offered a confused explanation of how the deception was perpetrated, he did, at least, attempt to explain how it was accomplished. The State's Attorney also presented a factual basis for the plea. Neither defendant or his counsel objected to this presentation. Defendant then stated that he did, in fact, commit the acts alleged in counts one and two of the indictment. We further note that the relevant provisions of the indictment and the statutory provision proscribing the conduct in question were read to defendant before his plea was accepted. We find that the trial judge went beyond what is now required to satisfy Rule 402(a)(1). See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

For the reasons stated above the judgments entered by the circuit court of Logan County are hereby affirmed.

Judgments affirmed.

SMITH, P. J., and TRAPP, J., concur.