THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN RAY HOBBS, Defendant-Appellant.

(No. 12432;

Fourth District—December 5, 1974.

John F. McNichols and Daniél D. Yuhas, both of State Appellant Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged with the offenses of aggravated kidnapning and rape. Some 60 days subsequent to his arraignment, he withdrew his pleas of not guilty and entered pleas of guilty to both offenses. After admonishing the defendant as to his rights, the trial court accepted the defendant's pleas of guilty and sentenced the defendant to a term of not less than 7 nor more than 21 years for the offense of aggravated kidnapping and a like sentence for the offense of rape, the terms of imprisonment to be served concurrently. This appeal follows.

Upon appeal, defendant contends that there was not substantial compliance with the requirements of Supreme Court Rule 402 in that the defendant was not adequately informed of the nature of the charges; that the trial court erred in entering two convictions because the offenses were not separately motivated; that the factual basis for the plea did not

establish the element of great bodily harm required for the offense of aggravated kidnapping; that all of the sentence possibilities were not explained to the defendant; and, finally, that the sentences imposed are excessive.

The State confesses error and concedes that the People did not furnish the court an adequate factual basis to establish the element of great bodily harm required for the offense of aggravated kidnapping as charged in the indictment. That confession of error by the People is approved.

■■ The opinion of the Illinois supreme court in *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, is dispositive of the 402 issue presented in this case. We see no necessity for a recitation here of the substance of the procedure followed by the circuit court. It is clear from this record, however, that within the guidelines of *Krantz*, there was substantial compliance with all of the requirements imposed upon the trial court by Rule 402 as a condition precedent to the acceptance of the plea of guilty to the offense of rape.

■■ We have examined the record with reference to the issue of excessiveness of sentence. It is apparent that the trial court carefully reviewed the background of this defendant, the evidence of other substantial criminal and anti-social behavior by the defendant, and that the sentence imposed is not such that this court should interfere under the authority vested in this court by reason of the provision of Supreme Court Rule 615 and the guidelines for use of that authority as set forth in *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.

■■ Accordingly, the conviction entered upon the plea of guilty and the sentence imposed for the offense of rape is affirmed. The conviction for aggravated kidnapping is reversed and this cause is remanded to the circuit court of Adams county for the issuance of an amended *mittimus.*

Affirmed in part; reversed in part; remanded with directions.

TRAPP, P. J., and SMITH, J., concur.