THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HERRON, Defendant-Appellant.

(No. 12717;

Fourth District—March 27, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, William Herron, appeals from a judgment entered pursuant to a guilty plea for the offense of burglary and from a sentence imposed of 2 to 6 years' imprisonment. Said sentence was made concurrent to sentences imposed in two other cases now pending in this court (General Nos. 12716, 12718). Defendant's only contention is that he was not adequately admonished under Supreme Court Rule 402 (a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402) regarding the minimum and maximum sentence prescribed by law.

Defendant first contends that he was not adequately admonished of the maximum sentence because he was not informed of the mandatory parole term for the offense of burglary. We do not agree and note that defendant was informed of the minimum and maximum term of imprisonment for the offense charged. Our supreme court has recently stated that substantial compliance with Rule 402(a)(2) does not require that a defendant be informed of the mandatory parole term. *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

Defendant also contends that he was not adequately admonished of the minimum sentence because he was not informed of the sentencing alternatives of probation, conditional discharge or periodic imprisonment. We find our opinion in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, to be dispositive of this issue. Hence, the trial judge need not inform a defendant of these sentencing alternatives, and Rule 402(a)(2) was fully complied with in this regard. Also see *People v. Krantz, supra.*

Accordingly, for the reasons stated above the judgment of the circuit court of Vermilion County is hereby affirmed.

Judgment affirmed.

GREEN and CRAVEN, JJ., concur.