THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND McQUEEN *et al.*, Defendants-Appellants.

(No. 12718;

Fourth District—March 27, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellants.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendants, Raymond McQueen and William Herron, appeal from judgments entered pursuant to guilty pleas for the offense of theft over $150. Defendant McQueen was sentenced to 1 to 5 years' imprisonment to be made concurrent with the sentence imposed in another case pending in this court (General No. 12719). Defendant Herron was sentenced to 2 to 6 years' imprisonment to be made concurrent with the sentences imposed in two other cases pending in this court (General Nos. 12716, 12717). These cases have been consolidated for purposes of appeal. The only issue raised in both cases is whether the trial court adequately admonished defendants under Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402) regarding the minimum and maximum sentence prescribed by law.

■■ Defendants contend that the trial court erred in admonishing them regarding the maximum sentence because he did not inform them of the mandatory parole term. We do not agree and note that in both cases the trial court informed defendants of the minimum and maximum terms of imprisonment provided for the offense charged. In *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, our supreme court stated that substantial compliance with Rule 402(a)(2) does not require an admonition regarding the mandatory parole term.

■■ Defendant McQueen also contends that the trial court erred in informing him of the minimum sentence because he was not informed of the possibility of probation, conditional discharge and periodic imprisonment. We find our decision in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, to be dispositive of this issue. Hence, the trial court need not inform a defendant of these sentencing alternatives, and the trial court here fully complied with Rule 402(a)(2) in this regard by relating to defendant the minimum term of imprisonment applicable. Also see *People v. Krantz, supra.*

Accordingly, the judgments of the circuit court of Vermilion County are hereby affirmed.

Judgment affirmed.

GREEN and CRAVEN, JJ., concur.