THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND McQUEEN, Defendant-Appellant.

(No. 12719;

Fourth District—March 27, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Raymond McQueen, appeals from a judgment entered pursuant to a guilty plea for the offense of burglary and from a sentence imposed of 1 to 5 years' imprisonment. Said sentence is concurrent with that imposed in another case pending in this court (Gen. No. 12718). The only issue raised is whether the trial judge adequately admonished defendant under Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402) regarding the minimum and maximum sentence prescribed by law.

■■■ Defendant first contends that he was not adequately admonished of the maximum sentence because he was not informed of the mandatory parole term. We do not agree and note that defendant was informed of the minimum and maximum term of imprisonment for the offense charged. Our supreme court in *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, has stated that substantial compliance with Rule 402(a)(2) does not require an admonition regarding the mandatory parole term.

■■ Defendant also contends that he was not adequately admonished of the minimum sentence because he was not informed of the possibility of probation, conditional discharge and periodic imprisonment. We do not agree and find our decision in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, to be dispositive. Hence, the defendant need not be informed of these sentencing alternatives, and the trial judge here fully complied with Rule 402(a)(2) in this regard. Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

Accordingly, the judgment of the circuit court of Vermilion County is affirmed.

Judgment affirmed.

GREEN and CRAVEN, JJ., concur.