THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY LYNN PARKER, Defendant-Appellant.

(Nos. 12750-51, cons.;

Fourth District—April 3, 1975.

*Rehearing denied May 19, 1975.*

Richard J. Wilson, of the State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Gregory Lynn Parker, appeals from two rape convictions (General Nos. 12750 and 12751) entered pursuant to negotiated guilty pleas and from a 7- to 20-year concurrent term of imprisonment on each conviction. These cases have been consolidated for purposes of appeal. It is contended that defendant's guilty plea was not voluntarily rendered because of a meaningless promise by the State, that the trial court erred in failing to admonish defendant regarding the mandatory parole term, and that the sentences imposed are excessive.

On January 10, 1974, defendant was indicted in 12750 for rape (Count I), deviate sexual assault (Count II), and for aggravated kidnapping (Count III). On that same date defendant was also indicted in 12751 for rape (Count I) and aggravated kidnapping (Count II). The victim in 12750 was Sunday Anello, and the victim in 12751 was Terri Strocher. On March 27, 1974, defendant entered a guilty plea to Count I of each indictment, the two charges of rape. The trial court proceeded to admonish defendant under the provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). The prosecutor stated to the court that defendant would enter a plea of guilty to Count I of each indictment in return for a recommendation by the State that defendant receive a concurrent 7- to 20-year term of imprisonment. The prosecutor further stated that the State has also agreed to dismiss Counts II and III in 12750 and Count II in 12751. The defense reserved the right to

present evidence in mitigation. The defendant stated that he understood the plea agreement. The court found that defendant's plea was voluntarily entered. The prosecution presented a factual basis for each plea. Neither defendant nor his counsel objected to this presentation. The court then entered judgment on each plea. A sentencing hearing was held, and the State presented no evidence in aggravation. Several witnesses were called by the defendant in mitigation. The trial court then sentenced defendant to the recommended 7- to 20-year concurrent term of imprisonment.

■■ Defendant contends that his guilty pleas were rendered involuntary because of a meaningless promise by the State in return for defendant's pleas of guilty. Defendant's argument, in essence, is that the agreement by the State to dismiss the lesser offenses on each charge was valueless because judgments could not have been entered upon these lesser offenses since they arose out of the same transaction or course of conduct as did the rape charges. We see no need to discuss this argument for our examination of the plea agreement indicates that the State agreed to recommend concurrent sentences. This certainly was a valuable concession by the State and is dispositive of defendant's contention regarding the involuntary nature of his plea.

■■ Defendant also contends that he was not adequately admonished of the maximum sentence because he was not informed of the mandatory parole term. We do not agree and note that defendant was informed of the minimum and maximum term of imprisonment for the offense charged. In *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, our supreme court stated that substantial compliance with Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402) does not require an admonition regarding the mandatory parole term.

■■ Defendant finally contends that the 7-to 20-year concurrent term of imprisonment for the two rape convictions was excessive. We do not agree. The sentence imposed was consistent with the plea agreement, and defendant indicated that he understood said agreement. Furthermore, defendant presented evidence in mitigation at the sentencing hearing, and the record of that hearing indicates that the trial judge considered the applicable criteria for sentencing. We find no abuse of discretion in this regard.

For the reasons stated above the judgments of the circuit court of Macon County are hereby affirmed.

Judgments affirmed.

TRAPP and GREEN, JJ., concur.