THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACKIE HILLIARD, Defendant-Appellant.

(No. 74-332;

Fifth District—June 10, 1975.

Stephen P. Hurley, of State Appellate Defender's Office, of Mt. Vernon, and Charles W. Smith, Law Student, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant, Jackie Hilliard, appeals from a judgment entered by the Circuit Court of Jackson County upon acceptance of her plea of guilty to the offense of theft (shoplifting of items over $150 in value). She was sentenced to a term of 1 to 3 years in the penitentiary. The sole issue presented for review is whether her vacillating responses to the trial court's inquiries indicate that her plea was not made knowingly.

The defendant first appeared in court on February 5, 1974 and at that time she indicated that she read and understood the information charging her with theft (over $150). The court appointed counsel and thereafter defendant was represented by counsel at every stage of the proceedings. A preliminary hearing was held on February 28, and defendant's case was bound over to the grand jury. After the defendant was indicted, she was arraigned on March 14, 1974.

On May 27, 1974, the defendant appeared in court with her attorney as the case had been set for trial. At the beginning of the proceedings,

the trial judge indicated that he had been advised that the defendant wished to enter a guilty plea, and counsel for defendant stated that this was correct. The court explained the nature of the charge and the possible penalty that might be imposed. Twice, the defendant indicated that she understood this explanation. The trial judge informed the accused that she could either plead guilty or not guilty, and the defendant then pled not guilty, requesting a bench trial. The court instructed the defendant to speak with her lawyer, and a short recess was taken.

When court reconvened, the defendant pled guilty and requested a presentence investigation. The court admonished her of the rights that she was relinquishing by pleading guilty and of the possible sentence. The court also inquired whether the plea was being entered knowingly and without compulsion. The defendant answered, "Yes." During the court's inquiries the defendant again requested to plead not guilty and asked the court to appoint another attorney. The court told her that she could not have other counsel unless she showed a good reason why her attorney was incompetent.

The defendant then pled guilty again, and the court accepted this plea. The State established the factual basis for the plea. The court then continued the case until June 18, to allow time for a presentence investigation. Prior to adjournment, the court again asked the defendant if she had any questions, and she answered that she had none. A hearing in aggravation and mitigation was held on June 18, and sentencing was postponed so that supplemental presentence report could be prepared. On August 2, 1974, the defendant was sentenced.

The defendant's only contention is that her vacillating responses to the court's inquiries indicates that her plea was not entered understandingly and intelligently. In particular, the defendant argues that her vacillation shows that she could not distinguish among or decide upon a jury trial, a bench trial, a hearing in aggravation and mitigation, a presentence report and the adequacy of her counsel.

■■ To make a determination whether a plea was intelligently and understandingly offered, the entire record may be considered. (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.) We have reviewed the record, and it reveals that the defendant intelligently and understandingly entered her plea of guilty. She appeared in court five different times from February 5 until August 2 and was always accompanied by her attorney. The proceedings and her responses as appear in the record make it obvious that the defendant was aware of the consequences of her plea of guilty. The trial court complied with all the requirements of Illinois Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), and the defendant twice indicated her understanding of the admonishments and

explanations given her. The court carefully explained to the defendant her rights and the possible consequences of her plea. The defendant indicated that, among other things, she understood her right to a jury trial, a bench trial, and a presentence report. She responded that she understood the nature of the charge and the possible penalty that might be imposed if she pled guilty. The defendant stated several times that her plea was voluntary.

Consequently, the judgment of the Circuit Court of Jackson County is affirmed.

Judgment affirmed.

JONES, P. J., and G. MORAN, J., concur.