THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAM SALERNO, Defendant-Appellant.

Second District  No. 76-161

Opinion filed November 21, 1977.

Peter A. Staben, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant-appellant, Sam Salerno, hereinafter referred to as the defendant, appeals from an order of the Lake County Circuit Court denying his petition for post-conviction relief. The defendant had entered a plea of guilty to a charge of murder. On appeal the defendant makes two contentions. First, he asserts that the trial court did not properly admonish him as to the possibility of the death penalty being imposed, thereby precluding him from knowingly and understandingly entering his plea of guilty. Secondly, the defendant asserts that the cumulative effect of this court-appointed attorney's interpretation of the relevant sentencing statute so frightened the defendant as to make his guilty plea coerced rather than voluntary. Upon reviewing the record and weighing the arguments presented, we are of the opinion that the decision of the circuit court of Lake County must be affirmed.

The defendant was charged with having shot and killed William Caverner during the course of an armed robbery. Under section 5—8—1A of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1A) (this statute was subsequently held to be unconstitutional in *People ex rel. Rice v. Cunningham* (1975), 61 Ill. 2d 353, 336 N.E.2d 1) the defendant was subject to the death penalty if convicted of the crime. However, pursuant to plea negotiations, the defendant entered a plea of guilty to the murder charge and agreed to testify against his accomplice if the need arose. In exchange, the defendant received a sentence of 25-100 years in prison.

Before the trial court accepted the defendant's guilty plea, it admonished him pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). As part of that admonishment, the trial court made the following statement:

> "THE COURT: I am obligated to tell you that the penalty which is fixed by statute for the offense of murder is not less than 14 years in the Illinois State Penitentiary and no maximum has been set. It could be any maximum which the court could see fit to impose. And under the circumstances, the mandatory death penalty would be imposed upon conviction of this offense. Do you understand that?
>
> THE DEFENDANT: Yes, sir."

Later in the course of the trial court's admonishments of the defendant, the following exchange took place between the defendant and his attorney:

> "MR. ORI: First, I would like the record to reflect that I am Mr. Salerno's appointed counsel since approximately November 21st to the present time. Is that correct, Sam?
>
> THE DEFENDANT: Yes.

MR. ORI: Judge McQueen appointed me to represent you, and Judge Duran appointed me to represent you here?

THE DEFENDANT: Yes, sir.

MR. ORI: You heard the judge indicate there is a possible death penalty in this case. Is that correct?

THE DEFENDANT: Yes.

MR. ORI: I have talked to you about that, have I not?

THE DEFENDANT: Yes, sir.

MR. ORI: I indicated to you that I don't know whether that is constitutional or not constitutional. Is that correct?

THE DEFENDANT: Yes, sir.

MR. ORI: I further indicated to you, even if you went to trial on that, the jury, would have to recommend the death penalty. Is that correct?

THE DEFENDANT: Yes, sir.

MR. ORI: And if that happened, a three-judge panel would have to meet before the death penalty could be imposed. Is that correct?

THE DEFENDANT: Yes, sir.

MR. ORI: It was your decision, was it not, that you did not want me to run those risks. Is that correct?

THE DEFENDANT: Yes, sir.

MR. ORI: And I told you that if you wanted me to, I would be happy to defend you, but you indicated to me you did not want to run those risks. Is that correct?

THE DEFENDANT: Yes, sir."

Then, after determining that there was a factual basis for the guilty plea, the trial court accepted it and sentenced the defendant to 25-100 years in prison. In June of 1975, approximately six months after he had been sentenced, the defendant filed a pro se petition for post-conviction relief, and in October of 1975, the defendant filed an amended petition. The petitions were consolidated and a hearing was held on November 3, 1975. After this hearing, at which the defendant was represented by counsel, the defendant's petitions for post-conviction relief were denied. This appeal ensued.

The first issue raised by the defendant is his contention that he was not adequately admonished on the circumstances under which the death penalty could be imposed. Section 5—8—1A of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1A) mandates the death penalty for certain types of murder, including a murder committed during the course of a robbery, as was the case here. However, the death penalty could only be imposed after a three-judge panel had reviewed the record to determine if the defendant had indeed committed a murder of a

type which warranted the death penalty under the statute and to determine that there were no compelling reasons for mercy. The defendant contends he was not properly admonished because he was not informed of all the nuances of the sentencing statute.

■ ■ We do not agree. On the question of the adequacy of the court's admonishments to the defendant, the relevant statute is Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) which is designed to insure that guilty pleas are only accepted from defendants who know and understand the charges against them and who are aware of the rights they are surrendering by pleading guilty. (*People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.) To insure that this goal is reached, Supreme Court Rule 402 requires that certain admonishments be given to the defendants. However, not every conceivable detail need be covered in these admonishments. Substantial compliance with the requirements of the rule is sufficient. (*People v. Kranz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.) We hold that in the case at hand there was substantial compliance with Supreme Court Rule 402. The record clearly shows that the trial court informed the defendant that the death penalty was possible. The defendant's awareness of the circumstances under which the death penalty could be imposed is demonstrated by the exchange in open court between the defendant and his attorney as quoted above. The fact that the admonishments on the circumstances under which the death penalty could be imposed came from the defendant's attorney and not the trial court is not grounds for reversal. The record clearly reveals that the defendant was adequately admonished on those circumstances. Such an admonishment by a defense attorney is sufficient so long as it is clear that the defendant knew and understood the circumstances under which the death penalty could be imposed. (*People v. Miller* (1972), 2 Ill. App. 3d 851, 277 N.E.2d 898.) The exchange in open court between the defendant and his attorney clearly shows the defendant was aware of the circumstances under which the death penalty could be imposed.

The defendant's second contention is that the cumulative effect of his court-appointed counsel's interpretation of the consequences of a conviction by a jury so frightened him that the defendant's plea of guilty was coerced rather than voluntary.

■ ■ Fear of the death penalty will not invalidate an otherwise valid guilty plea. (*North Carolina v. Alford* (1970), 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160; *People v. Wilbourn* (1971), 48 Ill. 2d 187, 268 N.E.2d 418.) The defendant does not deny this line of cases but attempts to distinguish them on the grounds that he was not adequately admonished as to the circumstances under which the death penalty could be imposed and therefore his plea was not "otherwise valid." We have previously ruled that the defendant was adequately admonished. Thus, the

defendant's second argument must fall.

Having found the defendant's contentions to be without merit, we accordingly affirm the judgment of the circuit court of Lake County.

Judgment affirmed.

WOODWARD and GUILD, JJ., concur.