THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS EDWARD WALKER, Defendant-Appellant.

(No. 12504;

Fourth District—November 21, 1974.

No appearance for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On August 14, 1972, defendant-appellant, Thomas Edward Walker, was convicted pursuant to a guilty plea of four counts of forgery and was sentenced to 1 year of probation. On June 29, 1973, a petition to revoke defendant's probation was filed alleging that defendant had violated the conditions of his probation by committing the offenses of aggravated battery and indecent liberties with a child. On July 24, 1973, defendant moved for a continuance of the probation revocation hearing until the pending criminal charges were resolved. The motion was denied. On August 22, 1973, a hearing was held on the motion to revoke probation, and the court found that defendant had violated the terms of his probation by committing the alleged offenses. On August 30, 1973, a hearing was held, and defendant was sentenced to 2½ to 7½ years' imprisonment on the underlying forgery offense. On January 22, 1974, this court granted defendant leave to file a late notice of appeal.

The Illinois Defender Project has moved to withdraw as counsel for defendant and has appended to the motion a brief in conformity with *Anders v. California,* 386 U.S. 738. The record shows proof of service of the motion and brief upon the defendant. The motion was continued to enable the defendant to file additional suggestions, and notice of this opportunity was given him. None were filed.

In discharge of our responsibilities we have examined the record. At the hearing on the motion to revoke probation defendant was represented by private counsel. William Checkley, the county probation officer, testi-

fied that defendant didn't take his probation seriously and failed to make numerous reports. Paula Asbell, defendant's 13-year-old stepdaughter, testified that on June 28, 1973, she went riding with defendant when defendant stopped the truck on a country road. She stated that she was scared and said "let's go home," but defendant replied "what's the matter, 'fraid I'm going to rape you?" She stated that she said "no," but that defendant stated "Well, maybe I will." At this point she jumped out of the truck and started running, but defendant caught her, threw her down, and started hitting her in the face and choking her. She further stated that defendant then told her not to tell her mother or he would kill her whereupon he hit her in the stomach and chest. She stated that she received a cut requiring five stitches on her lip, a big bump on her chest, and a bruise on the side of her stomach. She stated that when they arrived home defendant told her mother that a truck door hit her in the face. She did not tell her mother what happened until the following morning. She then stated that defendant also had fondled her breast and touched her below the stomach. On cross-examination she stated that she had testified at a preliminary hearing that she didn't remember whether defendant had touched her body. She further stated that she didn't tell her mother about the incident immediately because she was afraid. The court indicated for the record that Paula was in a highly emotional state during her entire testimony.

Rosemary Walker, defendant's wife, testified that her daughter arrived home on the evening in question with a badly cut lip and bruises in various places, that defendant told her that she had been hit by the truck door, and that she then took her to the hospital for stitches. She stated that her daughter did not tell her that evening what had happened. Over defendant's objection she stated that her daughter told her the next morning, "Mom, Tom did this."

Melba Lorene Walker, defendant's mother, testified that defendant was hospitalized on September 26, 1972, as a result of an accident, and that she called defendant's probation officer to tell him of the accident. Defendant did not testify in his own behalf.

The court then found defendant to have violated the terms of his probation by committing the offenses in question. We note that the hearsay testimony, objected to by defendant, of Rosemary Walker regarding what her daughter said to her the next morning was admitted into evidence. However, there was clearly sufficient other evidence adduced to support the trial court's finding.

On August 30, 1973, the court conducted a sentencing hearing on the underlying offense. Defendant was represented by counsel at the hearing. The court considered the presentence report, heard witnesses in aggrava-

tion and mitigation, and sentenced defendant to 2½ to 7½ years' imprisonment with credit for time served in the county jail. The sentence imposed is within the statutory limits. On April 23, 1974, this court remanded this cause to the circuit court with directions to issue an amended *mittimus* reflecting credit for time served while on probation.

We agree that this record discloses no justiciable issue for review, and that the appeal is without merit and frivolous. Acccordingly, the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed, and the judgment of the circuit court of Coles County is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.