The People of the State of Illinois, Plaintiff-Appellee, *v.* Thomas Edward Walker, Defendant-Appellant.

(No. 12503;

Fourth District—March 12, 1975.

Richard J. Wilson, J. Daniel Stewart, and Thomas Nelson, all of State Appellate Defender's Office, of Springfield, for appellant.

Bobby Sanders, State's Attorney, of Charleston (James R. McCracken, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Thomas Edward Walker, appeals from a judgment entered against him pursuant to a guilty plea and from a sentence imposed of 3 to 10 years' imprisonment. The following issues have been raised for resolution by this court: (1) Whether the trial court erred in accepting defendant's plea without fully informing him of the minimum sentence prescribed by law, and (2) Whether the trial court erred in accepting

defendant's plea without stating to defendant that he would receive no trial of any kind if his guilty plea were accepted.

On July 9, 1973, defendant was indicted for aggravated battery and for indecent liberties with a minor. On September 21, 1973, defendant appeared with counsel and informed the court that he wished to plead guilty to count 1 of the indictment charging aggravated battery. The trial court then read to defendant the applicable count of the indictment and the relevant statutory language defining the offense. Defendant indicated that he had no questions regarding the nature of the charge. The trial court then informed defendant that he could be sentenced to an indeterminate term of 1 to 10 years' imprisonment. Defendant stated that he had no questions regarding the possible penalty. The court then admonished the defendant that he is entitled to a trial by jury and proceeded to explain to defendant the nature and meaning of a jury trial. Defendant stated that he fully understood the nature of a jury trial and wished to waive such right. Defendant further stated that no threats or promises had been made to him by anyone. The State related to the court that defendant had agreed to plead guilty to count I of the indictment and in return the State would dismiss count II and recommend a sentence of 3 to 10 years' imprisonment. Defendant indicated that he was satisfied with the plea negotiations and that his understanding of the negotiations was the same. The State then presented a factual basis for the plea. Defendant and his attorney stated that they concurred in the State's presentation. The trial court then found that defendant had knowingly and understandingly waived his right to trial by jury and entered judgment on the plea.

■■ It is contended that the trial court erred in accepting defendant's guilty plea without fully informing him of the entire minimum sentence prescribed by law, *i.e.*, fine, probation, conditional discharge and periodic imprisonment, in violation of Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402). We do not agree and find our decisions in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, to be controlling. (Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.) Under these lines of cases it is clear that the trial court here sufficiently complied with Rule 402(a)(2) by informing defendant that he could be sentenced to an indeterminate term of 1 to 10 years' imprisonment.

■■ It is also contended that the trial court erred in not informing defendant that if he pleaded guilty, there would not be a trial of any kind in violation of Supreme Court Rule 402(a)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 402). We do not agree and find our decision in *People v. Walker*, 23 Ill.App.3d 482, 319 N.E.2d 546, to be dispositive of this issue.

We note that defendant in the instant case stated that he understood the nature of a jury trial and that he wished to waive such a right. Defendant does not contend that he did not, in fact, understand that if he waived a jury trial, he would not receive a trial of any kind. Furthermore, defendant does not contend that his plea was not knowingly and voluntarily entered, and our reading of the record reveals that the trial judge substantially complied with Rule 402 in all respects.

Accordingly, for the reasons stated above the judgment of the circuit court of Coles County is hereby affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.