allowed a blood relative to interpret. In *People v. Rardin, supra,* the only connection between the complainant and the interpreter was that they were distant relatives. In *People v. Murphy* (1916), 276 Ill. 304, 114 N.E. 609, the trial court allowed a police officer to interpret when, after a short recess, another interpreter could not be found. See *People v. Torres,* 18 Ill.App.3d 921, 310 N.E.2d 780, where the court again allowed a police officer to interpret.

In conclusion we find that reversible error has been committed. In light of this finding we will not consider defendant's second contention on appeal. Accordingly the judgment of the circuit court of Cook County is reversed and the cause remanded.

Judgment reversed and remanded.

McNAMARA, P. J., and MEJDA, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES C. THOMPSON, Defendant-Appellant.

(No. 59783;

First District (3rd Division)—August 15, 1974.

Paul Bradley and Brenda E. Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Mary Ellen Dienes, and Robert Kaainoni, Jr., Assistant State's Attorneys, of counsel), for the People.