THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KALVIN JORDAN, Defendant-Appellant.

(No. 60685;

First District (2nd Division)—October 14, 1975.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, Raymond J. Prosser, and Michael J. Goggin, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before Downing, P. J., Stamos and Leighton, JJ.):

Defendant, Kalvin Jordan, was indicted for robbery and aggravated battery of Joseph A. Foster. (Ill. Rev. Stat. 1971, ch. 38, pars. 18—1, 12—4(a).) On June 5, 1973, Jordan pleaded guilty to these two charges and was sentenced to concurrent terms of not less than one nor more than

three years in the Illinois State Penitentiary. He now appeals, contending that the trial court's reference to the charges by name was not sufficient to apprise him of the nature of the charge as is required by Supreme Court Rule 402(a)(1) and that the judgment must therefore be reversed. Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(1).

Indictment 71-3027 charged Jordan with robbery of Foster in that on September 20, 1971, he took an amount of United States currency from Foster by the use of force and by threatening Foster with the imminent use of force and with aggravated battery of Foster in that on the same date he "intentionally and knowingly, without legal justification" committed a battery on Foster which caused great bodily harm. At arraignment on December 17, 1971, Jordan was presented a copy of the charges against him, that is, a copy of Indictment 71-3027, which the court informed him "charges you with robbery and aggravated battery."

On June 5, 1973, the case was passed at defendant's request for a conference. Following the conference, the court announced that the State had recommended that in the event defendant entered a plea of guilty to the charges contained in Indictment 71—3926 "charging him with plain robbery," the State would recommend a sentence of not less than one nor more than three years under the new Code, with three years' parole. The court stated it concurred in the State's recommendation. The court asked if defendant wished to withdraw his plea of not guilty and enter a plea of guilty to the "charges of plain robbery." When defendant answered, "Yes, sir," the court asked to be advised of the facts in the case. The assistant State's Attorney then recited a stipulation of the facts, to which defendant's counsel agreed, which may be summarized as follows: If Joseph Foster were called to testify, he would testify that on September 20, 1971, at 6:30 in the evening, he was in a parking lot in the vicinity of 4757 West Roosevelt Road, when he was "accosted face to face by four male Negroes," one of whom was defendant; defendant pushed him in the face and about the body and he was knocked to the ground; while he was on the ground defendant and the others began to kick him; defendant went through his pockets and forcibly removed an amount of United States currency from his person without his consent or authority, and removed his keys. If Chicago Police Officer Zuley were called to testify, he would testify that on September 20, 1971, he arrived at the scene, in response to information from a citizen, and observed Foster and the four male Negroes, including defendant, involved in a "disturbance"; he exited his vehicle and apprehended defendant after a short foot chase, at which time Foster identified defendant as one of the participants in the strong armed robbery of his person.

The court advised defendant that he had a right to persist in his plea of not guilty. Defendant indicated that he understood. The court specifically inquired if any threats had been made against him or if anyone was forcing him to enter the plea, or whether he was doing it voluntarily. Defendant responded, "Yes, sir." The following colloquy then ensued:

"THE COURT: You realize that what you are charged with in this indictment is, you are charged with plain robbery. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: That is the charge, that is what you are pleading guilty to. You understand you are entering a plea to that indictment?

THE DEFENDANT: Yes, sir."

The court further advised him of his right to a trial by jury, and of his right to remain silent, to stand mute, and that he was waiving his opportunity to confront the witnesses against him and that there would be no trial. The court further advised him that on his plea of guilty he might be sentenced to the penitentiary for not less than one and no more than 20 years. The court then advised defendant that there was a second count in the indictment "charging you with aggravated battery," and that on a plea of guilty to that count, he might be sentenced to not less than one nor more than ten years. Defendant indicated he understood that. It was further stipulated that Mr. Foster had been in the hospital for one month as a result of the beating inflicted upon him by defendant and the three other individuals. The court then accepted the plea, and after a hearing in aggravation and mitigation, defendant was sentenced to not less than one nor more than three years.

The most recent decision of the Illinois Supreme Court dealing with the requirement of Supreme Court Rule 402(a)(1) is *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559. The court there found that the requirement of informing the accused of and determining that he understands the nature of the charge was satisfied because the reviewing court was able to find from the record (although the trial judge did not explain the nature of the charge, other than by a reference to "forgery") that the factual recitations by the assistant State's Attorney made clear the criminal conduct the State expected to prove. The court there stated:

"The recital by the assistant State's Attorney of the anticipated prosecutive evidence made clear what criminal conduct of Krantz the People expected to prove. Neither the defendant nor his attorney demurred to the prosecutor's statement. The court asked the defendant if he understood what he was 'charged with in these

indictments, forgery.' He responded that he did understand and then went on to explain his motive for forging the checks." 58 Ill. 2d 187, 193, 317 N.E.2d 559, 563.

■■ In the case at bar, the prosecutor stated the actual conduct that the State expected to be able to prove through the testimony of the victim and arresting officer. In addition, defendant was given a copy of the indictment at the arraignment, and the court at that time referred to the charges by name. During the plea proceedings, the trial court referred to the charges by name and defendant indicated he understood what he was charged with. Defendant did not "demur" or in any way object to the State's recitation of the facts. Considering these circumstances, we conclude that defendant was adequately informed of the nature of the charges against him and that he understood the nature of those charges. The record affirmatively discloses that defendant's plea of guilty was voluntarily and intelligently made. *Boykin v. Alabama*, 395 U.S. 238.

■■ Although the point has not been raised in the briefs, we note from the statement of the facts by the assistant State's Attorney that the robbery charge and the aggravated battery charge were part of the same conduct of the defendant. The conviction of the lesser offense, aggravated battery, must therefore be vacated. (*People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1; *People v. Thompson*, 22 Ill.App.3d 804, 317 N.E.2d 620.) Therefore, the conviction for aggravated battery is vacated. The judgment of conviction and the sentence for robbery are affirmed.

Affirmed in part; vacated in part.