The People of the State of Illinois, Plaintiff-Appellee, *v.* Jimmie A. Roberts, Defendant-Appellant.

(Nos. 74-59, 74-123 cons.;

Third District—April 11, 1975.

*Rehearing denied April 30, 1975.*

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (F. Jack Nathan, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Jimmie A. Roberts appeals from convictions for burglary, grand theft, and forgery in the Circuit Court of Rock Island County as a result of which he was sentenced to concurrent terms in the penitentiary of from 2 to 7 years.

In Case No. 74-59 defendant Roberts was convicted of forgery under the terms of section 17—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 17—3). In Case No. 74-123, defendant was convicted of burglary and of grand theft following his pleas of guilty in such case. We have consolidated the two cases for the purpose of appellate disposition.

The forgery conviction of defendant arises out of his fraudulent use of a credit card to purchase $3 worth of gasoline at a service station. The indictment charged him with knowingly delivering a falsely made document apparently capable of defrauding another. This referred to the credit card sales slip which was specifically set forth in the indictment and it was asserted that it was falsely made with intent to defraud. Defendant admitted he was not the authorized user of the credit card and that the signature on the sales slip was not that of the authorized user. He also admitted he was not authorized to sign the user's name and that he was at the service station when the alleged crime was committed. The defense asserted by defendant and presented to the trial court by motion on three different occasions was that (1) his conduct, if criminal, constituted deceptive practices rather than forgery, and (2) that a credit card sales slip (or receipt) is not an "instrument capable of defrauding another" as that phrase is used in the forgery statute. These contentions were rejected by the trial court and defendant was found guilty of forgery.

It is argued by defendant Roberts that he should have been charged under the deceptive practices statute (section 17—1 of the Criminal Code) since the fraudulent use of credit cards is extensively dealt with in that Act. He points out in this connection that the specific proscription of unauthorized use of credit cards, which is found in section 17—1 re-

ferred to, was enacted only as recently as 1965 and post-dated the 1961 forgery statute. He concludes, therefore, that the deceptive practices statute being later and more specific must prevail over the general provisions of the older forgery statute. As a result, he concludes that he should have been charged with deceptive practices which involve only a Class A misdemeanor when under $150 was involved, instead of forgery which is a Class 3 felony.

■■ Principal reliance is placed upon the case of *Ashton v. County of Cook*, 384 Ill. 287, 51 N.E.2d 161 (1943), and the decision of this court in *People v. Gardner*, 15 Ill.App.3d 255, 304 N.E.2d 125 (3rd District 1973). It is clear that in Illinois, if conduct for which a defendant is prosecuted constitutes a felony under one act and a misdemeanor under another, the State's attorney has discretion to prosecute under either, or both, and there is no error in a defendant being convicted of the more serious offense so charged. (*People v. McCollough*, 57 Ill.2d 440, 313 N.E.2d 462 (1974); *People v. Keegan*, 52 Ill.2d 147, 286 N.E.2d 348 (1971); *People v. Rhodes*, 38 Ill.2d 389, 231 N.E.2d 400 (1967).) We conclude, on the basis of precedents and an examination of the record, that if defendant's conduct constituted forgery (which he concedes for the sake of argument on this point), then he could be prosecuted for that crime even though the conduct also constituted the lesser crime of deceptive practices. Defendant relies on the language in *Ashton v. County of Cook*, 384 Ill. 287, 298, 51 N.E.2d 161, that "where there is to be found in a statute a particular enactment, it is to be held operative as against the provisions on the subject either in the same act or in general laws relating thereto." We had occasion to refer to *Ashton* in *People v. Gardner*, 15 Ill.App.3d 255, 304 N.E.2d 125. In the *Gardner* case, defendant was convicted of escape from the penitentiary, as opposed to a more general escape statute, which did not designate escape from the penitentiary and which provided less severe penalties. In upholding the conviction, we relied on the language of *Ashton* referred to, in suggesting that it was proper to prosecute defendant under the more particular statute when it was applicable. We did not there hold, or even indicate, that it would have been error to convict someone under the general provisions, where no more severe penalty is mandated in a particular act. Defendant's conduct under the precedent of *People v. McCollough*, 57 Ill.2d 440, 313 N.E.2d 462, could be prosecuted as forgery even though it may also have constituted a deceptive practice under the more specific and recent statute. The deceptive practice statute did not purport to provide an exclusive basis for prosecution for credit card violations.

■■ The second attack by defendant Roberts is made on his forgery conviction to the effect that the credit card sales slip is not "a document

apparently capable of defrauding another" as used in section 17—3(a) and as defined in section 17—3(c) in outlining that it:

> "* * * includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated."

Defendant admits that the sales slip, along with the credit card itself, may constitute such a document, but argues that the failure to allege the existence of the credit card is fatal to the indictment. We had occasion to repeat a long-standing rule noted in *Goodman v. People*, 228 Ill. 154, 157 (1907), when we said in our case of *People v. Moats*, 8 Ill.App.3d 944, 947, 291 N.E.2d 225 (1972):

> "Unless the instrument shows on its face that it is capable of defrauding, or such character is given it by extrinsic averments, forgery cannot be predicated upon it."

A document apparently capable of defrauding another is one which has some legal significance, and could be falsely made or altered. (See 19 I.L.P. *Forgeries* § 4, at 544-545 (1956); *Goodman v. People*, 228 Ill. 154; *People v. Ciralsky*, 360 Ill. 554, 559, 198 N.E. 733 (1935); *People v. Moyer*, 1 Ill.App.3d 245, 247-9, 273 N.E.2d 210 (4th Dist. 1971).) The credit card sales slip in the instant case, which was set forth in the indictment *in haec verba* by attaching a copy thereto, was clearly capable of defrauding another. It bears the name and the account number of the authorized user, and what purports to be his signature, and a reading of the sales slip clearly shows the contract which was entered into by the parties. In this respect the document resembles a fully completed check, which is clearly a document apparently capable of defrauding. It is not necessary to the completion of the charge of forgery that a bankbook or other designation showing the fact of association of the pretended check writer with a certain bank would be required. The same is true of the credit card slip in the present situation, since the card itself simply establishes that there is a line of credit. The credit card slip, like a check, purports to make use of the credit.

■■ The case of *People v. Moats*, which was relied upon by defendant is clearly distinguishable for the reason that, in that case, the check involved did not name a payee or an amount and was not therefore on its face capable of defrauding. Extrinsic averments were needed to sustain an indictment for forgery in that case. In the cause before us, the document on its face is complete and sufficient to create a legal obligation. We, therefore, conclude that defendant was properly charged with forgery, although his conduct may also have constituted deceptive practices. The indictment therefore was sufficient to charge the offense of forgery and the conviction thereon in case No. 74-59 is, therefore, affirmed.

In Case No. 74-123, defendant Roberts challenges his conviction for burglary which followed his guilty plea, on the ground that the trial court failed to comply with Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1973, ch. 110A, pars. 401, 402). From the record it is disclosed that defendant appeared in court on April 10, 1973, and waived indictment on the burglary charge. After a bench trial in September 1973, which resulted in the forgery conviction already referred to, defendant was again in court on November 6, 1973, and then waived indictment on the grand theft charge. Later that day he entered guilty pleas to both the burglary and theft charges and was sentenced to concurrent terms with a forgery sentence of from 2 to 7 years.

Supreme Court Rule 401, regarding waiver of indictment, requires that the court not accept such waiver until it has addressed defendant personally in open court and determined that he understands the nature of the charge, the minimum and maximum sentences prescribed by law, and the requirement of indictment for a felony. While the trial court below clearly advised defendant concerning the indictment by a grand jury, there is no mention of the charge involved, nor of possible penalties defendant faced. It is true that this court has previously held that a failure to advise defendant, prior to accepting his waiver of indictment, of the nature of the charge and the possible sentences upon conviction, might require reversal. *People v. Casley*, 20 Ill.App.3d 1001, 313 N.E.2d 477 (3rd Dist. 1974); *People v. Schyska*, 14 Ill.App.3d 557, 302 N.E.2d 666 (3rd Dist. 1973).

■■ We must now conclude that the error in failing to admonish defendant concerning Rule 401(b)(1) and (2) is to be considered harmless and does not require reversal in the instant case. The Illinois Supreme Court has concluded that even the total failure to comply with the provisions of Rule 402 relating to guilty pleas does not necessarily require reversal. (*People v. Dudley*, 58 Ill.2d 57, 60-61, 316 N.E.2d 773 (1974); *People v. Krantz*, 58 Ill.2d 187, 194, 317 N.E.2d 559 (1974).) Those supreme court cases indicate that where there is no claim that the plea (or waiver) is not voluntary, or that any harm or prejudice occurred, or that defendant was unaware of the factors of which the court neglected to admonish him, then the error is harmless. Rule 402 is similar to Rule 401 with the difference being that one relates to waiver of indictment and the other to pleas of guilty. They were once contained in the same Rule (Ill. Rev. Stat. 1969, ch. 110A, par. 401). We must conclude that the reasoning of *Krantz* and *Dudley* referred to are applicable to both rules since defendant here makes only the bare allegation that the trial court failed to comply with portions of Rule 401, without alleging prejudice, or that the waiver was unknowingly made by defendant, or that the waiver was

involuntary. We believe that the recent supreme court decisions on Rule 402, require that we now depart from the conclusions we reached in *Schyska* and *Casley* and that the burglary conviction should be affirmed on the basis of the record in the trial court. The mere omission to make such admonition is not automatically a basis for reversal, as noted in *Krantz* and *Dudley*.

■■ Defendant contends further that the trial court did not inform him of the nature of the charge in the burglary case before accepting his guilty plea in the November 6, 1973, proceedings. He argues that this is a violation of Rule 402(a)(1) and that the cause should be reversed for that reason. The record here indicates that the court asked, "Do you understand the nature of the charge? Do you know what burglary is?" Defendant responded affirmatively. He now argues that the court did not sufficiently admonish him of the nature of the charge and suggests that merely naming the offense involved is not enough. (*People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550.) We have indicated, however, that we felt that Rule 402(a)(1) is complied with when defendant is supplied with a copy of the indictment or complaint and the trial court questions defendant's understanding by at least naming the offense. (*People v. Hufford*, 18 Ill.App.3d 646, 310 N.E.2d 216 (3rd Dist., 1974).) The supreme court of this State in *Krantz* also rejected a similar challenge where the prosecutor detailed the anticipated evidence and neither the defendant nor his counsel challenged the statement of facts. (58 Ill.2d 187, 192-193.) The record in this cause indicates that defendant had a copy of the information filed after his waiver of indictment and that the State's attorney, at the guilty-plea hearing, read into the record, the factual basis for the charge without objection from defendant Roberts or his counsel. We believe that this was a sufficient compliance with Rule 402 and that only substantial compliance is required. The burglary conviction of defendant is, therefore, affirmed.

The State in its brief indicates that defendant challenges the conviction for felony theft in 74-123 on the ground that the trial court failed to comply with Rule 402(a), by not advising him of the mandatory parole term involved in the sentence. Defendant does not raise that issue in his brief in this court. In any event we have previously determined that issue adversely to defendant. *People v. Holt*, 25 Ill.App.3d 871, 323 N.E.2d 451 (3rd Dist. 1975).

Since we find no basis for reversal as to any of the convictions appealed in the causes before us, the judgments of the Circuit Court of Rock Island County in these cases are, therefore, affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.