THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAMBERT KANE, Defendant-Appellant.

(No. 74-340;

Third District—December 30, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (Bernard Rivkin and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Lambert Kane, was charged in a three-count information with possession of less than 30 grams of LSD a controlled substance, possession of less than 30 grams of MDA a controlled substance, and in the final count with possession of less than 200 grams of amphetamines. Defendant received a copy of the information and at his arraignment on February 28, 1974, he was informed of the charges against him. The court advised Kane that he had a right to be indicted by a grand jury and to be tried by a jury. Defendant was informed of the function of the grand jury and that he had the right to plead guilty or not guilty to any indictment. The defendant, then, indicated he wished to waive his right to indictment and the court accepted his waiver.

On June 12, 1974, Kane plead guilty, as the result of plea negotiations, to one count of the three-count information for unlawful possession of less than 30 grams of a controlled substance. The other counts were dismissed. Following his judgment of conviction the court sentenced defendant to a term of imprisonment of not less than 18 months nor more than 10 years.

On appeal only two issues were raised: (1) whether the court erred by failing to adequately admonish the defendant, prior to accepting his waiver of indictment, of the minimum and maximum sentence prescribed by law and of the nature of the charge as required by Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, § 401(b)); (2) whether the court erred by failing to advise defendant that any sentence imposed included a mandatory parole term, the violation of which could result in reincarceration for a term in excess of the maximum sentence imposed, thus failing to inform defendant of a crucial consequence of his guilty plea.

The defendant has conceded in his reply brief that the second issue raised has been resolved by the Illinois Supreme Court in its supplemental opinion in *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505 (1975), by which the holding of the *Wills* case is to be given only prospective

application to guilty pleas taken subsequent to May 19, 1975. It is therefore unnecessary to further consider that issue as raised in the present appeal.

■■ In the other issue argued by defendant on this appeal he contends that reversible error occurred when the trial court accepted his waiver of indictment without admonishing him adequately of either the minimum and maximum sentence prescribed by law for that particular offense or the nature of the charge against him. The defendant claims that Supreme Court Rule 401(b)(1), (2) were not complied with. (Ill. Rev. Stat. 1973, ch. 110A §§ 401(b)(1), (2).) The appropriate portion of that rule provides that the court address defendant in open court and inform him of and determine that he understands both the nature of the charge against him and the minimum and maximum sentence prescribed by law before the court accepts any waiver of indictment by the defendant. In the cases of *People v. Schyska,* 14 Ill.App.3d 557, 302 N.E.2d 666 (1973), and *People v. Casley,* 20 Ill.App.3d 1001, 313 N.E.2d 447 (1974), we held that the provisions of Supreme Court Rule 401(b) must be strictly complied with. Since our decisions in those two cases the Illinois Supreme Court decided *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559 (1974), and the consolidated case of *People v. Barr,* 58 Ill.2d 187, 317 N.E.2d 559 (1974), where it was decided that the trial court's failure to fully admonish a defendant pursuant to Supreme Court Rule 402, before accepting a guilty plea, did not automatically require reversal. It was held there that "Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or ceremonial." (*People v. Krantz,* 58 Ill.2d 187, 194-95.) In *People v. Roberts,* 27 Ill.App.3d 489, 326 N.E.2d 116 (1975), we had occasion to decide whether the reasoning of *Krantz* with regard to Rule 402 was equally applicable to Rule 401. The facts in *Roberts* bear a striking similarity to those of the present case. In *Roberts* the trial court clearly advised defendant concerning his right to have an indictment returned by a grand jury, but failed to specifically admonish defendant as to the nature of the charge involved and as to the possible penalties defendant faced. We said in *Roberts*:

> "We must now conclude that the error in failing to admonish defendant concerning Rule 401(b)(1) and (2) is to be considered harmless and does not require reversal in the instant case. The Illinois Supreme Court has concluded that even the total failure to comply with the provisions of Rule 402 relating to guilty pleas does not necessarily require reversal. (* * * *People v. Krantz,* [*supra*].) * * * Rule 402 is similar to Rule 401 with the difference being that one relates to waiver of indictment and the other to pleas of guilty. They were once contained in the same

Rule (Ill. Rev. Stat. 1969, ch. 110A, par. 401). We must conclude that the reasoning of *Krantz* \* \* \* [is] applicable to both rules since defendant here makes only the bare allegation that the trial court failed to comply with portions of Rule 401, without alleging prejudice, or that the waiver was unknowingly made by defendant, or that the waiver was involuntary. We believe that the recent supreme court decisions on Rule 402, require that we now depart from the conclusions we reached in *Schyska* and *Casley* \* \* \*. The mere omission to make such admonition is not automatically a basis for reversal \* \* \*." (27 Ill.App.3d 489, 493.)

Because a waiver of indictment merely allows a substitution of the means whereby a defendant is charged with an offense, it is sufficient if there is substantial compliance with Rule 401(b).

In the instant case after Kane had been handed a copy of the information against him and advised of his right to indictment the court asked the defendant how much education he had. The defendant stated that he had 2 years of college. The court said "So you understand what I just said to you." The defendant responded, "Yes." The defendant's attorney submitted a written waiver of indictment to the court. Clearly the court did inquire of the defendant whether he understood the charges against him. Defendant does not contend on appeal that the court's failure to adequately admonish him caused him to be prejudiced in any way. There was no showing that Kane's waiver of indictment was not voluntary or that he was harmed or prejudiced or that he was unaware of the factors about which the court neglected to admonish. Prior to accepting defendant's waiver of indictment, the court generally advised defendant regarding the minimum and maximum sentence which he could receive by saying, "[I]t [the charge] is a *felony* which is punishable by a sentence in the *penitentiary*." (Emphasis added.)

■■■ Following his waiver of indictment Kane pled guilty pursuant to plea negotiations. He was represented by counsel throughout. It appears obvious to us his guilty plea was voluntarily and understandingly made. Having reviewed the record in a practical and realistic manner we cannot agree that the failure to admonish defendant as to the possible minimum and maximum sentence was reversible error. In deciding a similar issue in *People v. Nunn*, 29 Ill.App.3d 399, 404, 331 N.E.2d 8, 13, the court stated: "[A] plea of guilty waives procedural defects in the waiver of indictment. (*People v. Bassett* (1975), 25 Ill.App.3d 927, 323 N.E.2d 607, 610.) Thus, regardless of the defect under Supreme Court Rule 401 at the waiver of indictment hearing, the defendant's subsequent voluntary plea of guilty to the offense charged in the information waived any

irregularities in the waiver of indictment." We find that no prejudicial error occurred in the instant case and therefore the judgment of the Circuit Court of Kankakee County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.