464

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID A. BERTSCHE, Defendant-Appellant.

Third District No. 75-123

Opinion filed March 12, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant David A. Bertsche appeals from a conviction for the offense of burglary following a guilty plea and a consequent sentence of 2½ to 10 years' imprisonment. His sole contention points out that the record does not affirmatively show that his waiver of indictment was made knowingly and intelligently, since the trial court accepted his waiver of indictment without informing defendant then of either the nature of the charge or the minimum and maximum sentences prescribed by law. It is contended that defendant's conviction should be reversed for

failure to comply with Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, §401(b)).

From the record it is apparent that defendant entered a plea of guilty to an information charging the offense of burglary. Defendant signed a waiver of indictment. Before the waiver, the trial court admonished defendant as to his rights pursuant to Supreme Court Rule 401(b). The defendant was informed of his right to indictment by a grand jury and the nature of that procedure was explained. Following the admonition, the trial court asked him why he was waiving the indictment and defendant stated "I feel they've got enough evidence to indict me but I'd rather go on without the Grand Jury." The court stated openly and in the presence of defendant and his counsel that the waiver had been made knowingly, intelligently and voluntarily. The court did not, however, mention the nature of the charge or the minimum and maximum sentences prescribed by law at that time. Six days later, at the time defendant pleaded guilty to the Information, the trial judge completely complied with all provisions of Supreme Court Rule 402, including admonition concerning the mandatory parole term. Defendant persisted in his plea of guilty and the court accepted the plea and entered judgment thereon. The sentencing hearing was thereafter held in aggravation and mitigation. Such hearing was held prior to sentencing.

On appeal in this court, defendant does not allege that the waiver of indictment was not voluntary or that he suffered prejudice by the trial court's admonishments prior to the waiver of indictment. He contends that the simple failure to refer to the nature of the charge and of the possible penalties involved before accepting the waiver of indictment, requires reversal.

■■ This issue has been before this court on numerous occasions and in *People v. Roberts* (3d Dist. 1975), 27 Ill. App. 3d 489, 326 N.E.2d 116, and likewise in *People v. Kane* (3d Dist. 1975), 34 Ill. App. 3d 725, 340 N.E.2d 311, we clearly indicated that the omission to specifically admonish as to the nature of the charge and possible penalties prior to waiver of indictment was harmless error and not a basis for reversal. As we stated in *Roberts*, we were required to depart from previous conclusions reached in prior cases. We concluded that the bare allegation that the trial court failed to comply with certain portions of Rule 401, without alleging prejudice, or that the waiver was unknowingly made by defendant or that the waiver was involuntary, does not constitute a basis for reversal. We thoroughly discussed the reasons for our conclusion in the *Roberts* case and we will not repeat them again. We should note also in this case that defendant was fully advised in accordance with Supreme

Court Rule 402 in this case at the time his plea of guilty was accepted.

For the reasons stated, and on the precedent of *People v. Roberts* (3d Dist. 1975), 27 Ill. App. 3d 489, 326 N.E.2d 116, this cause is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.