THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VICTOR LEE BEDFORD, Defendant-Appellant.

Second District (2nd Division)    No. 75-271

Opinion filed June 7, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Defendant appeals from a judgment on a jury verdict of guilty on two

counts of an information charging him with attempted murder and armed robbery and from two concurrent sentences of 4 to 12 years.

On September 17, 1973, defendant and Melvin Jordan (who is not a party to this appeal) were charged in a three-count information with attempt murder, armed robbery and robbery, arising out of an incident which occurred August 25, 1973, in Winnebago County, Illinois.

The attempt murder count charged defendant and Jordan with attempt "in that they, with the intent to commit the offense of murder, attempted to kill and murder Harold Charles Fuzzell, in violation of Par. 8—4, Chapter 38, Illinois Revised Statutes."

■■ It is appropriate to consider at this point defendant's contention that the attempt murder information is invalid because it fails to allege any substantial step toward the commission of the offense. We had occasion to pass upon and reject an identical contention in *People v. Mass*, 31 Ill. App. 3d 759, 760-62, where we fully stated our reasons for holding that an information in similar language was sufficient to sustain the conviction for attempted murder. See also *People v. Abney*, 31 Ill. App. 3d 768.

At defendant's arraignment on September 20, 1973, both he and his co-defendant were in court and were represented by counsel. The trial judge read to them the three counts of the information, and made sure that both were well informed as to the nature of the charge. After fully reciting the defendants' right to have the charges considered by a grand jury, if they wished, the following colloquy took place:

"THE COURT: * * * [I]t is up to you whether you wish to waive your right to have this matter considered first by the Grand Jury before you are brought to trial, do you understand that?

MR. BEDFORD: Yes.

* * *

THE COURT: Have you discussed this with your attorney, Mr. Nicolosi?

MR. BEDFORD: Yes.

* * *

THE COURT: It is your desire to waive or give up your right to have the Grand Jury indict you, and consider these cases that before I mentioned?

MR. BEDFORD: I want to waive the Grand Jury.

* * *

THE COURT: You are doing this on the advice of counsel, your attorney?

MR. BEDFORD: Yes."

Defendant argues that his waiver of indictment was ineffective and

void because he was not properly admonished as to the minimum and maximum sentences prescribed by law, as required by Supreme Court Rule 401(b)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(b)(2)), which provides:

> "(b) Waiver of Indictment. Any waiver of indictment shall be in open court. The court shall not permit a waiver of indictment by a person accused of a crime punishable by imprisonment in the penitentiary unless he is represented by counsel or has waived counsel as provided in paragraph (a) of this rule and unless the court, by addressing the defendant personally in open court, has informed him of and determined that he understands the following:
> * * *
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; * * * ."

As stated above, the defendant was represented by counsel throughout the entire proceeding. He does not contend that he was unaware of the applicable minimum and maximum sentences that could be imposed, nor that he was in any way harmed or prejudiced by the court's failure to admonish him as to the minimum and maximum sentences, nor that his waiver of indictment was induced by inadequate representation by his attorney.

■■ In *People v. Roberts,* 27 Ill. App. 3d 489, 493-494, the court held that, in view of the holdings of the Illinois Supreme Court in *People v. Dudley,* 58 Ill. 2d 57, 60-61, and *People v. Krantz,* 58 Ill. 2d 187, 194, with respect to Supreme Court Rule 402, the mere failure to admonish defendant concerning Rule 401(b)(1) and (2), does not require reversal and is to be considered harmless, where there is no claim of "prejudice, or that the waiver was unknowingly made by defendant, or that the waiver was involuntary." We agree. See *People v. Kane,* 34 Ill. App. 3d 725, 727; also *People v. Robinson,* 63 Ill. 2d 141, 146, which involves Supreme Court Rule 402(a)(1).

■■ Lastly, defendant argues that the trial court erred in giving the jury an attempt murder instruction without including therein the issue of self-defense. At trial the defendant testified in part that, as he approached the scene after getting out of a cab, he saw Fuzzell and said "Hey, man, what about my money?"; that Fuzzell started coming toward defendant, defendant was backing up and pulled out his gun because Fuzzell "was big" and defendant thought that by defendant's just pulling the gun Fuzzell "would just stop"; that as defendant was backing up he shot his gun in the air but Fuzzell kept coming with his hands up; that defendant

kept backing up, slipped on the curb, "So I pulled the trigger and he [Fuzzell] fell"; that Fuzzell "had something in his right hand", he now knows it was a glass, but "didn't know then what it was"; that though he was "scared" at the time he thought that by acting "a little tough" it would scare the other people there "so I could keep them in line"; that defendant then walked over to the door of the house to Jordan who passed him the money; that defendant put the money in his pocket, backed up "watching everybody," and then he and a companion, one Spook, "got in the car and drove away."

The trial court gave to the jury the following instruction submitted by the State (IPI Criminal No. 6.07) defining attempt murder:

"To sustain the charge of attempt, the State must prove the following propositions:

That the defendant performed an act which constituted a substantial step toward the commission of the crime of murder, and

That the defendant did so with intent to commit the crime of murder.

If you find from your consideration of all the evidence that each of these proportions has been proven beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt, then you should find the defendant not guilty."

At the conference on instructions defense counsel withdrew an instruction (IPI Criminal No. 25.05) combining the elements of attempt murder with justifiable use of force, which he had prepared stating that "Harold Fuzzell died." At the time he withdrew this instruction counsel stated "it is probably faulty enough" and "is poorly phrased." Defense counsel was then given an opportunity to tender an amended self-defense instruction but did not do so. However, defendant's instruction (IPI Criminal No. 24.06) setting forth the elements of self-defense was given. Defendant now complains that that instruction did not detail the burden of proof incumbent upon the State, nor relate the self-defense issue to the elements of attempt murder.

It should be noted that defense counsel in closing argument presented a lengthy statement discussing the presumption of defendant's innocence, the State's burden of proving beyond a reasonable doubt that defendant was not justified in using the force which he used, and calling the jury's attention to defendant's testimony, including the disparity in size and weight between defendant and Fuzzell.

In *People v. Meeks*, 11 Ill. App. 3d 973, 980-81, where the same

contention was presented and where the facts were almost identical to the case at bar, the court said:

> "Although he [defendant] did not submit IPI-Criminal No. 25.05, or any similar instruction, the defendant argues that the failure of the State to submit, or the court to give, *sua sponte*, such an instruction constitutes reversible error. We disagree. The general rule provides that 'If an accused wishes certain instructions to be given, he should offer them and request the court to give them, since the trial court is under no duty to give instructions on its own motion.' (*People v. Lindsay*, 412 Ill. 472, 484, 107 N.E.2d 614; see also *People v. Springs*, 51 Ill. 2d 418, 425, 283 N.E.2d 225.) * * * In this case the jury was instructed on the law of self-defense, and in his closing argument the defendant's attorney said:
> ' * * *[A]nd I beg you, when you do demand, demand that the evidence show beyond a reasonable doubt that the man who did this killing intended to inflict bodily harm, that he was not faced with fear of danger to his own safety, danger of bodily harm, that he was not faced with the threat of serious bodily harm to himself.' "

Likewise, in the case at bar the jury was instructed on the law of self-defense, and the defense counsel thoroughly presented to the jury the defense argument on the State's burden and the defense theory on this issue.

This is a far cry from the situation in the case of *People v. Wright*, 24 Ill. App. 3d 536, 541, on which defendant relies. In *Wright* contradictory instructions were given to the jury which convicted the defendant of murder: (1) that the State must prove beyond a reasonable doubt that the defendant was not justified in using the force that he used (IPI Criminal No. 25.05), and (2) that they could find the defendant guilty of murder with no requirement that the State must prove beyond a reasonable doubt that the defendant was not justified in using the force which he used (IPI Criminal No. 7.02). Those two instructions were in direct conflict with each other and could easily have misled the jury. In the case at bar the jury were adequately instructed and could not have been misled.

For the reasons stated the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.