THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN M. PFEIFFER, Defendant-Appellant.

Third District   No. 74-360

Opinion filed September 16, 1976.

Jack Brunnenmeyer, of Peoria, for appellant.

C. Brett Bode, State's Attorney, of Pekin (John X. Breslin and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Steven Pfeiffer, and codefendant, Richard Pfeiffer, were indicted for two counts of aggravated battery under section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)) and for resisting or obstructing a peace officer. After a jury trial in which defendant was tried with codefendant, defendant was found guilty of one count of aggravated battery and of resisting a peace officer and was sentenced on the aggravated battery conviction to two years' probation and a fine of $500. Defendant's appeal presents the following issues: (1) whether the offense of aggravated battery is sufficiently charged in the indictment; (2) whether certain conduct by the prosecutor during the trial constituted prejudicial error; (3) whether impeachment of defendant by use of his testimony at the preliminary hearing, at which defendant was not represented by counsel, was reversible error; (4) whether the evidence proves defendant's guilt beyond a reasonable doubt; and (5) whether the jury received proper instructions.

Briefly summarized, the State's evidence showed that police officers went to a tavern in Pekin, Illinois to arrest an unrelated party. While there, the police determined that Richard Pfeiffer, defendant's brother, was intoxicated and took him outside to place him under arrest. A struggle ensued, and Richard was struck by the police. Defendant came outside, threatened the police and advanced on them while the police were struggling with Richard. Defendant was sprayed with mace and told that he was under arrest. He went back inside the tavern to a

restroom to wash away the mace, and a short time later, the police went to the restroom and informed defendant he was under arrest. Defendant struck one of the police officers, a struggle occurred, and defendant was eventually subdued and taken to jail.

The defense presented several witnesses, including defendant and codefendant, who testified that neither defendant nor codefendant were intoxicated and that neither person resisted or fought with the police. Codefendant testified that after being taken outside, he was beaten by the police without provocation. Defendant testified that he went outside to request the police not to beat his brother and was squirted with mace. When he went to the bathroom to wash away the mace, he was not aware that the police had entered the restroom until he was attacked and beaten by the police. He testified that he did not strike any of the police officers and could not see clearly because of the mace in his eyes.

The jury first returned the two verdicts against defendant and, following a conference between the court and counsel for both sides, was instructed to resume deliberations as to codefendant. However, pursuant to plea negotiations, codefendant plead guilty to resisting a peace officer before the jury completed deliberations.

The relevant portion of the indictment, after setting forth the date and place of the alleged offense, charged that defendant committed an aggravated battery in that he:

> "* * * in committing a battery upon the person of Ted Hartman knew Ted Hartman, the individual, to be a peace officer while such officer was engaged in the execution of his official duties * * *."

Defendant contends that the indictment is void for failing to specify what acts constituted the battery and for failing to allege that the acts were committed "knowingly" and "without legal justification."

■■ Defendant did not challenge the indictment in the trial court and has raised this issue for the first time on appeal. Our supreme court has stated that, when attacked for the first time on appeal, a complaint is sufficient if it apprises defendant of the precise offense charged with sufficient specificity to prepare a defense and to allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.

In *People v. Harvey* (1973), 53 Ill. 2d 585, 588, 294 N.E.2d 269, 271, our supreme court stated that a word so used in one portion of a statute as to have a clearly defined meaning will be given the same meaning when used in another portion of the same statute. The court found that an indictment which charged that an aggravated battery occurred while in the commission of a battery implicitly incorporated the definition of "battery" as set forth in section 12—3 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 12—3) and, therefore, contained all the elements

necessary for the offense, including lack of legal justification. See also *People v. Tucker* (1st Dist. 1973), 15 Ill. App. 3d 1003, 305 N.E.2d 676.

In the case at bar, the indictment, which alleges that defendant, at a specified date and place, committed a battery upon a named person known to defendant to be a peace officer, was sufficient.

Defendant next contends that various questions and comments made by the prosecutor during the trial were improper and deprived defendant of a fair trial.

We find it unnecessary to set forth each allegedly improper remark. Some questions were proper as tending to impeach the witnesses, and other questions, if improper, were not objected to and, therefore, any error has been waived. (*People v. Douglas* (1st Dist. 1975), 29 Ill. App. 3d 738, 331 N.E.2d 359.) As to the remaining comments, although a prosecutor's remarks may be subject to criticism, unless they constitute a material factor in the conviction or are such that prejudice to the defendant is their probable result, the verdict will not be disturbed. (*People v. Barnett* (1st Dist. 1975), 34 Ill. App. 3d 174, 340 N.E.2d 116; *People v. Carroll* (1st Dist. 1973), 12 Ill. App. 3d 869, 299 N.E.2d 134, *cert. denied*, 417 U.S. 972, 41 L. Ed. 2d 1144, 94 S. Ct. 3180.) Having reviewed the record, we believe that some of the remarks cited by defendant were of questionable propriety but any error was harmless.

■■ Defendant also complains that during the direct examination of a police officer, the prosecutor elicited testimony that the codefendant made various threats against this officer at the police station and that this evidence was inadmissible and prejudicial as against defendant.

We note that defendant and codefendant were jointly tried and defendant did not move for a severance. This testimony was not specifically objected to on behalf of defendant nor was there a request that the jury be instructed to disregard the testimony as to defendant. Moreover, the testimony was admissible as tending to show intent and frame of mind of the codefendant. Based on the foregoing, we do not find prejudicial error. See *People v. Grieco* (1st Dist. 1968), 103 Ill. App. 2d 108, 243 N.E.2d 417, *aff'd* (1970), 44 Ill. 2d 407, 255 N.E.2d 897, *cert. denied*, 400 U.S. 825, 27 L. Ed. 2d 54, 91 S. Ct. 49.

■■ Defendant also assigns as error the prosecution's use of defendant's testimony at the preliminary hearing for the purpose of impeaching defendant's trial testimony Defendant contends that he was not represented by counsel at the preliminary hearing and use of his testimony was impermissible.

We note first that defendant's retained counsel did not object to the prosecutor's use of the preliminary hearing testimony at trial and did not raise this specific point in the post-trial motion. Under these circumstances, we believe that this contention has been waived. *People v.*

928

*Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

Even if this allegation amounted to "plain error" under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)), we conclude that defendant's contention must nevertheless fail.

The record shows that at the commencement of the preliminary hearing, the court noted that one week previously the court had advised defendant of his rights, furnished him with a copy of the charges and discussed the securing of counsel for the preliminary hearing. At the preliminary hearing, defendant stated that he was employed and had the means to employ private counsel, and the court found that defendant was not entitled to appointed counsel. When the court inquired as to the absence of counsel, defendant indicated that he did not intend to retain counsel unless the hearing resulted in a finding of probable cause. The record further shows that defendant was again informed that he had a right to be represented by counsel at the hearing. When defendant indicated that he desired to testify at the hearing, the court told defendant that he did not have to testify, that an attorney would probably advise him not to testify, and that if he did testify, there was a possibility that his testimony would be used against him in a subsequent proceeding.

A preliminary hearing is a critical stage in the proceeding entitling the accused to the assistance of counsel. (*People v. Adams* (1970), 46 Ill. 2d 200, 263 N.E.2d 490, *aff'd*, 405 U.S. 278, 31 L. Ed. 2d 202, 92 S. Ct. 916.) However, the right to counsel, like any other right afforded to an accused, may be waived upon a showing that the accused voluntarily and knowingly relinquished this right. (See *People v. Smith* (3d Dist. 1975), 33 Ill. App. 3d 725, 338 N.E.2d 207.) Here, defendant had been advised of his rights and informed as to the nature of the charges at his initial appearance and was again advised of his right to counsel at the preliminary hearing. Indeed, the colloquy that took place when defendant appeared without counsel shows that defendant was well aware of his right to counsel but desired to proceed, for the time being, without legal representation. Furthermore, the court admonished defendant that he had a right not to testify and warned defendant that he should not testify.

Although courts will not lightly find a waiver of such a fundamental right as the right to counsel, we believe that any fair reading of the record requires a finding that defendant knowingly and intelligently waived his right to legal representation at the preliminary hearing. See *People v. Bobo* (3d Dist. 1975), 33 Ill. App. 3d 274, 337 N.E.2d 227.

Good practice requires that the court should advise the defendant of his privilege against self-incrimination and that the defendant may not be called to the stand in a criminal case unless he waives his privilege.

The record in these proceedings demonstrates that the trial judge informed the defendant of his rights and even went so far as to suggest to defendant that he shouldn't testify, and that if he did, "any evidence you give at this hearing can be used against you in subsequent proceedings." Having waived counsel and having elected to testify after being admonished as to the possible consequences, defendant cannot now complain of the use at trial of his testimony at the preliminary hearing.

■■ Defendant next contends that the evidence is insufficient to prove his guilt beyond a reasonable doubt, alleging specifically that the evidence does not show that he struck a police officer or knew that the person was a police officer due to the mace in his eyes.

We do not believe that any useful purpose would be served by reciting all the evidence in this case. Both sides presented the testimony of several witnesses. Officer Hartman testified that defendant struck him in the rib area after defendant had been informed that he was under arrest, and a physician testified that an examination of Officer Hartman revealed contusions in the rib area. The testimony of the State's witnesses is sufficient to show that defendant struck Officer Hartman and knew that Officer Hartman was a police officer.

In a jury trial, it is the function of the jury as trier of fact to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Mitchell* (1st Dist. 1974), 22 Ill. App. 3d 817, 317 N.E.2d 779.) It is only where the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of guilt that a reviewing court will reverse the jury's determination. (*People v. Hampton* (1969), 44 Ill. 2d 41, 253 N.E.2d 385.) The verdict demonstrates that the jury believed the testimony of the State's witnesses and, having reviewed the record, we find that the evidence is sufficient to support the verdict.

Defendant also raises several contentions regarding the jury instructions:

First, defendant contends that the trial court failed to include the issues instructions with the affirmative defense instructions, as set forth in IPI—Criminal No. 25.00.

The record shows that defense counsel neither raised this objection in the trial court, nor tendered the instruction form which defendant now contends should have been given. Accordingly, this contention has been waived. (*People v. Springs* (1972), 51 Ill. 2d 418, 283 N.E.2d 225, *appeal dismissed*, 409 U.S. 908, 34 L. Ed. 2d 169, 93 S. Ct. 252.) Moreover, the instructions evidently referred to by defendant were IPI—Criminal Nos. 24.12 and 24.20, which in this case were not affirmative defenses, but were requested by the prosecution to inform the jury as to the force which the police may use in effecting the arrest of defendant.

■■ Defendant also complains that an accountability instruction was error. The evidence in this case supported such an instruction on the issue

of whether defendant, by his actions, had aided the codefendant in resisting or obstructing a police officer and striking a police officer. See *People v. Maxon* (3d Dist. 1976), 35 Ill. App. 3d 670, 341 N.E.2d 479.

Defendant lastly contends that the first paragraph of IPI—Criminal No. 3.02 was improperly given because there was no circumstantial evidence in the case. In 14A Ill. L. & Pr. *Criminal Law* §433 (1964), circumstantial evidence is defined as follows:

> "Circumstantial evidence is indirect proof of the principal facts of a case, which principal facts can only be inferred from one or more circumstances directly established."

■■ Here, medical evidence that Officer Hartman had contusions in the rib area circumstantially shows that the officer had been struck. Testimony that defendant was told he was under arrest prior to the incident circumstantially shows that defendant knew the person he struck was a police officer. Testimony by rebuttal witnesses that there was no blood or cuts on defendant and codefendant circumstantially contradicted their testimony that they were beaten by the police. We believe that there was circumstantial evidence before the jury, and accordingly, we find no error in the giving of this instruction.

Having reviewed the record, we believe that defendant received a fair trial, free of prejudicial error, and that the evidence was sufficient to sustain the verdicts. Accordingly, the judgment of conviction of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.