THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES RAY BOLDEN, Defendant-Appellant.

Fourth District   No. 14464

Opinion filed April 17, 1978.

TRAPP, J., dissenting.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The defendant, Charles Ray Bolden, was sentenced to a 6- to 20-year term of imprisonment after a Vermilion County jury found him guilty of delivering less than 30 grams of heroin in violation of section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)).

Defendant was charged with the instant offense after a parolee, James McFarland, made a controlled purchase from the defendant on November 2, 1976. On November 1, 1976, McFarland was picked up by Danville police for suspicion of possessing a stolen adding machine. At the Danville police station, an agent of the Multi-County Narcotics Enforcement Group (M.E.G.), discussed with McFarland the possibility of his participation in a controlled buy of controlled substances. McFarland agreed to make the buy. The adding machine in McFarland's possession was determined to not be stolen.

Before making the proposed purchase, McFarland was subjected to a strip search of his person and officers thoroughly searched his automobile. He was then given a quantity of marked currency with which to make the purchase. McFarland was then followed to the defendant's residence where, according to his testimony, he purchased one "cap" of heroin from the defendant at approximately 8:56 p.m. on November 2, 1976.

On appeal, defendant contends: (1) that the court failed to comply with Supreme Court Rule 401(a) (58 Ill. 2d R. 401(a)) in permitting defendant to waive counsel at his preliminary hearing; (2) that the court erred in failing to suppress a $5 bill seized in the course of an illegal search of his residence; (3) that he was prejudiced by use of his prior conviction for possession of heroin for purposes of impeachment; (4) that the court improperly limited his cross-examination of the State's principal witness; (5) that the court erred in giving instructions which failed to particularize the specific criminal acts for which the defendant could be found guilty; and (6) that this case should be remanded for resentencing because the court considered a prior appealed conviction for possession of a controlled substance as aggravating evidence.

Owing to the fact that we are deciding this appeal on the basis of the first issue, we decline to address the remaining issues which we find unnecessary to our determination.

Although the defendant was represented by counsel at his trial, this was not the case at his preliminary hearing on December 7, 1976. The United States Supreme Court has held that a preliminary hearing is a "critical stage" in a criminal proceeding at which a defendant is entitled to counsel. (*Coleman v. Alabama* (1970), 399 U.S. 1, 9-10, 26 L. Ed. 2d 387, 396-97, 90 S. Ct. 1999.) In *People v. Adams* (1970), 46 Ill. 2d 200, 205-06, 263 N.E.2d 490, *aff'd* (1972), 405 U.S. 278, 31 L. Ed. 2d 202, 92 S. Ct. 916, our supreme court held that preliminary hearing procedures in Illinois and Alabama are similar, thereby requiring that *Coleman* be followed in this State.

■■ While a defendant is entitled to represent himself *pro se*, Supreme Court Rule 401(a) (58 Ill. 2d R. 401(a)) provides that his waiver of counsel must be knowingly and voluntarily made after certain admonitions are

given by the court. (*People v. Smith* (1975), 33 Ill. App. 3d 725, 728, 338 N.E.2d 207.) The Rule specifically provides:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." (58 Ill. 2d R. 401(a).)

In the instant case, however, the defendant was not so admonished at the preliminary hearing which took place on December 7, 1976. In fact, the record reflects that the only admonition given to the defendant was that contained in the following colloquy:

"[The Court]: * * * This matter coming on for preliminary hearing on December 7, State present by Assistant State's Attorney DeArmond. Defendant Charles Ray Bolden present *pro se*. You understand, Mr. Bolden, that you do have a right to be represented by the public defender at this hearing?

MR. BOLDEN: Yes, sir, I understand that, sir.

THE COURT: And being aware of that in open court you're waiving your right to be represented by counsel.

MR. BOLDEN: Right."

Defendant's misapprehension as to the nature of the charge pending against him continued and becomes apparent when we consider the following excerpt taken from the record of his appearance before the trial judge occurring on December 28, 1976, and indicates that the defendant, even at that late date, incorrectly understood that he was charged with the possession, not delivery of a controlled substance:

"MR. BOLDEN: I think on previous motions that I made in front of the Court, the Court is well aware that I'm aware of the facts of what proceedings is being held in Court, so, therefore, I don't think that the Court needs to waste that time going back into that, Judge.

THE COURT: Well, I've advised you previously, Mr. Bolden, that the charges against you are serious charges. In this instance, if I might just have a moment—the charges against you both a Class 2 and a Class 3 felony. A Class 2 felony is punishable by imprisonment in the penitentiary for not less than one year nor

more than twenty years, and understanding the charges against you and the possible penalty, do you wish to waive the appointment of counsel?

MR. BOLDEN: Yes, I do, sir.

THE COURT: And ask that you be allowed to represent yourself pro se?

MR. BOLDEN: Yes, I do.

THE COURT: Do you know what you're charged with in this case, Mr. Bolden?

MR. BOLDEN: Yes, sir, I'm charged in the bill of Information with supposed to have been a controlled substance supposed to have, and also they was supposed to have found a supposed controlled substance at my residence, 416 North Kimball."

■■■ As *Coleman* indicates, it is impossible for a reviewing court to guess in retrospect what assistance may have been afforded by the presence of defense counsel at the preliminary hearing. What is clear is that the defendant was not released from custody because the court determined that there was probable cause to believe an offense had been committed by him. The court's failure to properly admonish the defendant prevented him from making a voluntary and knowledgeable choice as to representing himself or being represented by counsel. The assistance of that counsel at the preliminary hearing may have resulted in the defendant's release, thereby permitting him to more effectively assist in the preparation of his case for trial. In any event, it seems certain that had he been given the proper admonitions, he would have known and understood the nature of the offense with which he was charged. We, therefore, find that the court's failure to comply with Supreme Court Rule 401(a) at the preliminary hearing did indeed contribute to defendant's later conviction. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) The letter and spirit of Supreme Court Rule 401(a) cannot be cavalierly disregarded as was the case here.

We are aware of the recently filed decision in *Moore v. Illinois* (1977), 434 U.S. 220, 54 L. Ed. 2d 424, 98 S. Ct. 458, wherein the Supreme Court unanimously ruled that an Illinois defendant has a right to counsel at any preliminary hearing in which a corporeal identification is made. In so ruling, the court relied on its earlier opinions in *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, *Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, and *Kirby v. Illinois* (1972), 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877. Curiously, the court neglected to discuss the more basic issue confronted in the instant opinion and in *Coleman* and *Adams*.

Our reading of *Moore* leads us to conclude that, in future cases, very few corporeal identifications will occur at preliminary hearings where

counsel is present because counsel might: (1) ask that the hearing be postponed until a less suggestive lineup can be arranged; (2) ask that the victim be excused from the courtroom during the hearing; (3) ask that the defendant be seated in the audience during the identification procedure; and (4) in any event, counsel might seek to cross-examine the victim before the identification hardened. Clearly, *Moore* has altered the complexion of our preliminary hearing, yet *Moore* is not dispositive of the instant case.

For the foregoing reasons, therefore, we reverse defendant's conviction and sentence for delivery of a controlled substance (*Coleman; Adams; cf. Chapman*), and we remand the cause to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

CRAVEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:
The principal opinion reverses upon defendant's argument that the trial court erred:
> "* * * in permitting defendant to proceed *pro se* at his preliminary hearing without full knowledge of the charge and penalties."

Supreme Court Rule 401(a) contemplates that there may be a waiver of counsel if knowingly and understandingly made. Colloquy quoted in the principle opinion discloses that defendant was tendered representation by the public defender and the record shows that the offer was firmly and persistently rejected. The cited *Coleman v. Alabama* was framed in the context that the State "failed to provide counsel" within such constitutional requirement. It does not appear to be argued that defendant was denied counsel.

Similarly, it is not, in fact, claimed that the waiver of counsel was not voluntary or that there was actual harm or prejudice resulting from the court's acquiescence in defendant's refusal in the appointment of counsel. Rather, the defendant insists upon literal compliance with a rule.

In *People v. Roberts* (1975), 27 Ill. App. 3d 489, 362 N.E.2d 116, the trial court failed to state the nature of the charge or the maximum or minimum sentence. Rule 401(a) contains the same provisions concerning the admonitions at issue for waiver of counsel. The reviewing court, after considering the opinion in *People v. Dudley* (1974), 58 Ill. 2d 57, 316 N.E.2d 773, held that a failure to admonish as to the charge or penalty does not require automatic reversal where there is no claim that the waiver was not voluntary, or that harm or prejudice was incurred. The

same determination was made in *People v. Bedford* (1976), 38 Ill. App. 3d 1072, 349 N.E.2d 459, *appeal denied* (1976), 63 Ill. 2d 558, and *People v. Bertsche* (1976), 36 Ill. App. 3d 464, 343 N.E.2d 663.

In *People v. Pfeiffer* (1976), 41 Ill. App. 3d 924, 354 N.E.2d 678, defendant who was not entitled to appointed counsel, appeared at a preliminary hearing without an attorney. Upon inquiry about counsel, defendant stated that he did not intend to procure counsel unless there was a finding of probable cause. The reviewing court determined that the colloquy of record discloses that defendant was well aware of a right to counsel and that a fair reading disclosed that there was a knowing and intelligent waiver of counsel. In *People v. Heath* (1976), 35 Ill. App. 3d 880, 342 N.E.2d 452, *appeal denied* (1976), 63 Ill. 2d 553, defendant discharged the public defender during trial. His several requests for an appointment of other counsel were denied. Upon appeal it was argued that there was no knowing waiver of counsel because the trial court did not determine that defendant understood the nature of the charge, or the maximum or minimum sentence which could be imposed. It was determined that the deficiency in formal admonitions was harmless error since defendant was advised of such right and understood the consequences of his action.

In the context of an understanding waiver of counsel at this preliminary hearing, this record shows that within the preceding month defendant had been convicted of possession of heroin upon a jury trial. At his subsequent arraignment in this case defendant asked the court to take judicial notice that he had, on other occasions, shown that he was qualified to represent himself and that he did not want the public defender appointed.

The record of this preliminary hearing discloses that defendant both cross-examined and testified as to each of the charges at issue, and that defendant understood the nature of the charges through such examination.

The record also discloses that defendant advised the court, as in *Pfeiffer,* that he would determine whether to have counsel if there was probable cause found, and that at the conclusion of the evidence defendant asked the court to dismiss the information.

In *Coleman v. Alabama,* the specific matters considered to be sources of prejudice at a preliminary hearing without counsel included the opportunity to obtain discovery necessary to the preparation of a defense and cross-examination which would:

> "* * * fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not

appear at the trial." 399 U.S. 1, 9, 26 L. Ed. 2d 387, 397, 90 S. Ct. 1999.

In the context of impeachment the prosecution presented only an arresting officer and there was a full transcript of the proceedings that became available at trial for purposes of impeachment.

In the context of discovery, it is noted that subsequent to the opinions in *Coleman* and *People v. Adams* (1970), 46 Ill. 2d 200, 263 N.E.2d 490, the supreme court adopted Rule 412 effective August 1, 1971, which provides much broader discovery than that available through a preliminary hearing. Here, discovery was obtained through that rule. Upon such fact, we can find no basis for actual prejudice in the light of those matters of specific concern in *Coleman.*

Upon consideration of the several authorities and of the facts of record in this case, it is clear that the trial court's acquiescence in defendant's *pro se* appearance at the preliminary hearing without the admonitions at issue was harmless error and the judgment of the trial court should be affirmed.

The principle opinion expresses concern with the matter of corporeal identification resulting from the fact of a preliminary hearing without counsel as discussed in *Moore v. Illinois* (1977), 434 U.S. 220, 54 L. Ed. 2d 424, 98 S. Ct. 458.

We are not concerned with a denial of counsel or the refusal of failure of the court to offer counsel to defendant. Here, we examined the record to discover whether there was an understanding waiver of counsel in which defendant persisted.

Again, since the drug transaction and the arrest of defendant each occurred in his home, there is not, in fact, an issue of corporeal identification in this case.