THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN DALE STINGLEY, Defendant-Appellant.

Fourth District   No. 14870

Opinion filed November 14, 1978.

REARDON, J., specially concurring.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court: Following a jury trial in the circuit court of Vermilion County, defendant Norman Dale Stingley was found guilty of rape, deviate sexual assault and two counts of contributing to the sexual delinquency of a

minor. Judgment was entered on those verdicts and defendant was sentenced to 4 to 12 years' imprisonment on each of the four counts.

On appeal defendant contends that he was denied the right to effective assistance of counsel at preliminary hearing because the court improperly limited cross-examination of the complaining witness.

At the preliminary hearing, the complaining witness testified that at about 2 a.m. on July 10, 1977, she was riding in the front seat of a car owned and being driven by Ron Nose. Defendant was in the back seat and they were supposed to be going to his girlfriend's house. Defendant reached over the front seat, put a belt around her neck and ordered Nose to get out of the car. After Nose did so, defendant got into the front seat and drove away, still holding the belt around her neck. When she tried to get out of the car, it went off the road and into a ditch. Defendant attempted to get the car out of the ditch and she struggled with him several times trying to get out of the car. Defendant then ripped and removed her clothing and forced her to have intercourse and to perform a deviate sexual act. The police arrived then and after talking to her, arrested defendant.

Defendant argues that the court improperly prevented defense counsel from cross-examining the witness with respect to (1) her relationship with Nose, (2) the place from which Nose called the police, (3) whether she was under the influence of alcohol or marijuana, and (4) how and where her clothing was ripped.

In *Coleman v. Alabama* (1970), 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999, the United States Supreme Court ruled that a preliminary hearing, although not a required step in an Alabama prosecution, was a "critical stage" in the State's criminal process and therefore, an accused has the right to assistance of counsel at preliminary hearing in order to protect him against an erroneous or improper prosecution.

*Coleman* noted several advantages which might be realized through the assistance of counsel at preliminary hearing including effective discovery of the State's case and the use of cross-examination to expose fatal weaknesses in the State's case which could prevent a finding of probable cause.

In *People v. Bolden* (1978), 59 Ill. App. 3d 32, 374 N.E.2d 1307, this court reversed a conviction of a defendant when that defendant had been permitted to proceed at preliminary hearing without counsel after an insufficient procedure wherein a waiver of counsel was purportedly taken. The opinion noted that one of the benefits counsel could have provided the accused might have been the cross-examination of witnesses at that hearing.

In *Moore v. Illinois* (1977), 434 U.S. 220, 54 L. Ed. 2d 424, 98 S. Ct. 458, the court ruled that an accused's right to counsel was violated when at trial the prosecution was permitted to introduce testimony of the victim

that she had identified the defendant as her assailant at a preliminary hearing at which the accused had appeared without counsel. The court examined the suggestive circumstances under which the identification had been made and concluded that with counsel present at the preliminary hearing, this could likely have been avoided. In a footnote, the opinion suggested that with counsel (1) a continuance might have been obtained until a proper lineup had been conducted, (2) an order might have been obtained requiring the victim to remain out of the courtroom until her testimony was sought or permitting the accused to be seated among the spectators while he was in the presence of the victim until she had attempted an identification, or (3) "[c]ounsel might have sought to cross-examine the victim to test her identification before it hardened." (434 U.S. 220, 230 n.5, 54 L. Ed. 2d 424, 435 n.5, 98 S. Ct. 458, 465, n.5.) The footnote went on to state that requests for such procedures are ordinarily within the sound discretion of the preliminary hearing court. The footnote stated that the court expressed no opinion as to whether these requests were required to be granted.

As indicated in *Moore*, procedures involving the identification of an accused are subject to close constitutional scrutiny. Here no question of identification was involved. No case has been called to our attention ruling that a defendant was deprived of his right to counsel by a limitation placed upon that counsel in his cross-examination of a witness. Indeed, if such limitation had reached constitutional dimensions, it would be one of a general denial of due process and would be just as applicable to a case where a defendant was properly proceeding *pro se* as to one in which he had counsel. Nothing in *Coleman* or *Moore* indicates that each evidentiary ruling adverse to an accused at a preliminary hearing or at trial is to be scrutinized upon the basis of whether the ruling impairs the counsel's ability to represent his client. In fact, the *Moore* footnote recognized that even when a question of identification was in issue, the permissibility of cross-examination would be largely within the discretion of the court.

In *People v. Horton* (1976), 65 Ill. 2d 413, 416, 358 N.E.2d 1121, 1123, decided after *Coleman*, the supreme court recognized the distinction between cross-examination at trial and at preliminary hearing, and cited with approval the following language from *Barber v. Page* (1968), 390 U.S. 719, 725, 20 L. Ed. 2d 255, 260, 88 S. Ct. 1318, 1322,

> "A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial."

In the instant case, the direct testimony of the complaining witness was sufficient to show probable cause. The line of questioning which defense counsel was prevented from pursuing was either cumulative or bore only

peripherally on the question of probable cause. That line of questioning may have provided defense counsel with information concerning the State's case which might have been useful in preparing the defense. However, as the court in *Horton* stated, "[C]learly the preliminary hearing is not intended to be a discovery proceeding." (65 Ill. 2d 413, 417, 358 N.E.2d 1121, 1124.) The limitation on cross-examination imposed here was not an abuse of discretion in light of the function of a preliminary hearing.

We conclude that in the instant case, the court's limitation on cross-examination did not deprive defendant of the right to effective assistance of counsel. Accordingly, we affirm.

Affirmed.

MILLS, J., concurs.

Mr. JUSTICE REARDON, specially concurring:

I specially concur so as to reflect my agreement with the result reached by the majority. I part company with them only in the route which they travel to reach that result. My disagreement is perhaps a narrow one. First, I agree with their analysis of *Coleman v. Alabama* (1970), 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999, and *People v. Bolden* (1978), 59 Ill. App. 3d 32, 374 N.E.2d 1307, where the benefits of the presence of counsel at a preliminary hearing are described. The majority also correctly represents that *Moore v. Illinois* (1977), 434 U.S. 220, 54 L. Ed. 2d 424, 98 S. Ct. 458, held that the accused's right to counsel was violated when, at trial, the prosecution was permitted to introduce testimony of the victim that she had identified the defendant as her assailant at a preliminary hearing at which the accused had appeared without counsel. However, in paraphrasing the footnote to *Moore* at page 435 of that opinion, following the listing of the requests and steps that counsel, if present, could have taken, the majority omits the sentence that provides an understanding of their opinion. The omitted sentence is as follows: "Because it is in the prosecution's interest as well as the accused's that witnesses' identifications remain untainted, see *Wade*, supra, at 238, 18 L Ed 2d 1149, 87 S Ct 1926, we cannot assume that such requests would have been in vain." (*Moore*, 434 U.S. 220, 230 n.5, 54 L. Ed. 2d 424, 435 n.5, 98 S. Ct. 458, 465 n.5.) From this language I can merely conclude that the Supreme Court did not wish to use the *Moore* case as the vehicle to volunteer their opinion on procedures that had not been used in the case.

The preliminary hearing should not be abused by permitting it to become an exercise in discovery or what in lawyer parlance is known as a "fishing expedition." By the same token a preliminary hearing should not be permitted to appear as only a ritualistic compliance with the

prosecution's obligation to establish that there is probable cause to believe that an offense has been committed and that the defendant has perpetrated that offense. I trust that no implication will flow from the decision in this case that a preliminary hearing in Illinois is anything less than the initiation of adversary judicial criminal proceedings against a defendant. It is and must be viewed as the beginning stage of the judicial process to seek out the truth. I agree with the majority that the line of questioning which defense counsel was prevented from pursuing has only peripheral bearing on the question of probable cause and that in the framework of this case the limitation on cross-examination does not demonstrate any deprivation of the right to effective assistance of counsel.